PATTERSON, Justice.
The appellants were convicted of armed robbery in the Circuit Court of Forrest County, and each was sentenced to a term in the state penitentiary. They appeal and argue only one of the assignments of error for reversal of the cause, that is, the court erred in allowing the articles taken from the appellants’ automobile to be admitted into evidence. It is urged that the articles were the fruits of an unlawful search.
The appellants contend that they were not placed under arrest until after their automobile was searched, without a warrant, and that the evidence obtained was *653 the result of an unlawful search and seizure. The appellants admit that the investigating officer had probable cause to suspect them of committing the crime which had been reported to him. The issue is thus restricted to the question of whether the appellants were arrested prior to the search and whether formal words of arrest were necessary thereto.
On the night of July 17, 1964, a Pik-a-Pak store located in the city of Hattiesburg was robbed by two bandits armed with pistols, wearing cowboy hats and dark glasses. The attendant at the establishment was forced at gunpoint to empty the contents of the cash register into a brown paper bag. He was then directed to lie down on the floor. The appellants fled the scene. The attendant, however, obtained a description of the fleeing automobile which he immediately communicated to the police, along with a description of the two bandits. This information was then broadcast to the city police and highway patrolmen in the area. Thereafter, Patrolman Robinson, who had received the above information, observed the car and the two bandits in the town of Lumberton, Mississippi. He then checked them, as he stated, for identification, and found that one had a valid Texas driver’s license. He advised the appellants that they would have to go with him for further identification. He directed one of the appellants, Carrion, to drive the appellants’ automobile to Hattiesburg, telling Carrion that he would follow him in the patrol car and indicate with his signal lights when he wanted him, Carrion, to turn. The other appellant, Gearing, was placed in the back seat of the patrol car under surveillance of a Mr. Bob Palmer, who was armed with a shotgun. The two automobiles then proceeded up Highway 11 toward the city of Hattiesburg. En route the appellants’ car overturned, evidently while making a U-turn in an effort to escape. The patrol car stopped, and the appellant in the wrecked automobile was placed in the patrol car and given first aid by the patrolman. At this time two other patrolmen and the Chief of Police from the city of Hatties-burg arrived upon the scene, and an examination and investigation of the wrecked automobile and the surrounding area was made. This resulted in the discovery of some money in a brown paper sack, wrapped in a newspaper, on the front floorboard of the car, one pistol inside the car, and one pistol on the ground near the automobile. The appellants were then taken to the highway patrol station in Hattiesburg where they were identified by the attendant of the Pik-a-Pak store as the persons who had staged the robbery.
During the trial, in response to this question, “All right, and the only time you placed them under arrest verbally, as I understand your testimony, was after this ■accident and after you had gone in the car and gotten these pistols and some money. That’s true, isn’t it?”, Patrolman Robinson answered, “That’s right, sir.”
As stated, the only issue for the Court to determine is whether the defendants were under arrest at the time the search of the automobile was made. An arrest is defined in 5 Am.Jur.2d, Arrest, § 1 at 695 (1962) as follows:
An arrest is the taking, seizing, or detaining of the person of another, (1) by touching or putting hands on him; (2) or by any act that indicates an intention to take him into custody and that subjects him to the actual control and will of the person making the arrest; or (3) by the consent of the person to be arrested.
To effect an arrest, there must be actual or constructive seizure or detention of the person arrested, or his voluntary submission to custody, and the restraint must be under real or pretended legal authority. There can be no arrest where there is no restraint or where the person sought to be arrested is not conscious of any restraint. * * *
*654 * * * If the person arrested understands that he is in the power of the one arresting and submits in consequence, it is not necessary that there be an application of actual force, a manual touching of the body, or a physical restraint that may be visible to the eye.

* * * However, no formal declaration of arrest is required. * * *
See 6 C.J.S. Arrest § lb at 571 (1937) wherein the essential elements of an arrest are set forth as follows, as well as a statement that no formal words are necessary thereto;
The elements which constitute an act of arrest are a purpose to take a person into the custody of the law, under a real or pretended authority, and an actual or constructive seizure or detention of such person, which is so understood by the person arrested.
It is not necessary that formal or particular words be used, for the fact of arrest may be shown by surrounding, facts, and circumstances; but, although this is true, the words used or not used at the time of arrest are relevant to the question of whether there was in fact any arrest.
See United States v. Scott, D.C., 149 F. Supp. 837, 840 (1957), wherein it is stated:
As our Court of Appeals stated in Long v. Ansell, 63 App.D.C. 68, at page 71, 69 F.2d 386, at page 389, 94 A.L.R. 1466, “From these authorities it may be concluded, we think, that the term arrest may be applied to any case where a person is taken into custody or restrained of his full liberty, or where the detention of a person in custody is continued even for a short period of time.” Citing this case in Price v. United States, 119 A.2d 718, 719, the Municipal Court of Appeals for the District of Columbia said, “The word 'arrest’ has a well-defined meaning, the essence of which is a restriction of the right of locomotion or a restraint of the person * * * We doubt that appellants had liberty to take leave of the officer’s presence * * In this case the Government admits that the officer not only “took custody” but “maintained custody”.
See also Henry v. United States, 361 U.S. 98, 103, 80 S.Ct. 168, 171, 4 L.Ed.2d 134, 139 (1959), which, though restricted to the particular facts therein, is somewhat analogous here, as it states:
The prosecution conceded below, and adheres to the concession here, that the arrest took place when the federal agents stopped the car. That is our view on the facts of this particular case. When the officers interrupted the two men and restricted their liberty of movement, the arrest, for purposes of this case, was complete. * * *
Cf. Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962). In view of these authorities we are of the opinion that the appellants were under arrest from the time the officer detained them, probable cause .being admitted by the appellants; the detaining officer had authority to make the arrest; there was an actual detention of the appellants and they acquiesced in the detention or custody. Though a formal declaration such as “You are under arrest”, by the officer would have .been appropriate, such or similar words were not necessary to the arrest.
We are of the opinion, therefore, that the record reflects no error and that the cause should be affirmed.
Affirmed.
ETHRIDGE, C. J., and BRADY, IN-ZER and ROBERTSON, JJ., concur.