THOMAS,'J., for the Court:
¶ 1. Timothy Chaney appeals his conviction of possession of cocaine, raising the following issues as error:
I. THE TRIAL COURT ERRED IN OVERRULING THE MOTION TO SUPPRESS EVIDENCE.
II. THE TRIAL COURT ERRED IN DENYING REQUESTED INSTRUCTION D-2.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Sometime in the evening on February 21, 1997, Officer Scott Fullwood of the Olive Branch Police Department was on routine patrol within the city limits of Olive Branch. Accompanying Fullwood was Kelvin Hall, an intern from Northwest Community College. Fullwood drove his patrol car through the parking lot of the rest area along U.S. Highway 78, a known area for drug sales and drug use. Full-wood spotted a van parked in the rest area. Fullwood observed that the van’s two occupants were awake but saw nothing unusual, and therefore, drove away. Later the next morning, around 6:00 a.m., Full-wood again drove through the rest area and saw the same van but in a different parking spot.
¶4. Fullwood stopped to ask the occupants of the van if they needed assistance. As Fullwood approached the driver, he smelled a strong odor of alcohol. Full-wood asked the driver, later identified as Timothy Chaney, to step out of the vehicle. A patdown was conducted and no weapons were found. Fullwood then asked Hall to watch Chaney as he talked to the passenger, later identified as David McGee. Fullwood walked up to the passenger side of the van and engaged McGee in conversation. While talking to McGee, Fullwood noticed a syringe lying on the floor of the van directly in front of McGee. Fullwood questioned McGee about the syringe. McGee denied any knowledge about the syringe.
¶ 5. Fullwood returned to Chaney and asked him to empty his pockets. Chaney emptied the contents of his pockets on top of the patrol car. Fullwood observed Chaney take out a folded up dollar bill from his pant’s pocket and place it on top of the car. Fullwood opened up the dollar bill and found three pieces of crack cocaine. Fullwood then placed Chaney in custody.
¶ 6. At some point Fullwood called for backup. Officer Scott Gentry arrived as Fullwood was placing Chaney in custody. Gentry was told by Fullwood about the cocaine found in the dollar bill and the fact that a syringe was seen on the passenger side of the vehicle. Gentry asked McGee to step out of the van and a patdown was conducted. A second syringe was found inside McGee’s right sock inside his right boot. Both Chaney and McGee were taken to the station for processing.
¶ 7. Chaney was charged with possession of cocaine as a second offender. At trial, neither syringe found was introduced into evidence, as the State could not establish which syringe came from the floor of the van and which came from McGee’s sock. However, the crack cocaine found on Chaney’s person was positively identified as cocaine and introduced into evidence.
¶ 8. Chaney took the stand in his own behalf. Chaney testified that he had met McGee at work two days before the incident. Chaney stated he was merely giving McGee a ride to Columbus, when they decided to stop and rest. Chaney stated that the car next to where he parked had its engine running so he decided to move because the noise was too loud. Chaney also testified that it was cold and because he did not have a jacket that he borrowed *1080 McGee’s jacket to wear, and that the cocaine found came from the jacket. Chaney denied any knowledge of the cocaine or the syringe found in the van.
¶ 9. Fullwood was called in rebuttal and testified that the dollar bill containing the cocaine came from Chaney’s pant’s pocket and not from the jacket he was wearing. Also, the record from the jail showed that both men were wearing jackets when they were processed. After deliberations, the jury returned a verdict of guilty. Aggrieved, Chaney perfected this appeal.
ANALYSIS
I.
THE TRIAL ERRED IN OVERRULING THE MOTION TO SUPPRESS EVIDENCE.
¶ 10. Chaney argues that the contraband seized was the result of an illegal search by law enforcement officers. Therefore, Chaney argues that the trial court erred in failing to suppress from evidence the cocaine found on him. Chaney proposes two reasons why the search was illegal. First, Chaney argues that Fullwood had no probable cause to approach his vehicle in the first place. Chaney cites Watkins v. State, 350 So.2d 1384 (Miss.1977), and Keys v. State, 283 So.2d 919 (Miss.1973), for the proposition that an officer cannot stop a vehicle merely to check out who was in it. Second, even assuming that Fullwood acted properly in approaching the vehicle, Chaney argues that the mere fact a syringe was seen on the passenger side of the van did not give Fullwood the right to further search Chaney after already having patted him down for weapons. Again, Chaney cites to Keys in support of his argument.
¶ 11. It should first be noted that Chaney’s reliance on Watkins and Keys is misplaced. Both Watkins and Keys involve cases in which law enforcement offers had no probable cause to stop moving vehicles. In Watkins our supreme court held that law enforcement could not stop a car merely to “check out” the occupants. Watkins, 350 So.2d at 1385. However, such is not the circumstance in the case sub judice. Fullwood approached Chaney’s van, which had been parked for several hours in a high crime area, to see if the occupants were all right or if they needed any assistance. Such is proper under our case law.
1112. Our supreme court has articulated three types of actions in which police officers may engage in the performance of their duties of “preventing crime, detecting violations, making identification, and in apprehending criminals...Nathan v. State, 552 So.2d 99, 102 (Miss.1989) (citing Singletary v. State, 318 So.2d 873, 876 (Miss.1975)). The three types of action are as follows:
(1) Voluntary conversation: An officer may approach a person for the purpose of engaging in a voluntary conversation no matter what facts are known to the officer since it involves no force and no detention of the person interviewed; (2) Investigative stop and temporary detention: To stop and temporarily detain is not an arrest, and the cases hold that given reasonable circumstances an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest; (3) Arrest: An arrest may be made only when the officer has probable cause.
Nathan, 552 So.2d at 102 (citing Singletary, 318 So.2d at 876).
¶ 13. Clearly the conduct of Fullwood in approaching the van falls under the first type of action. Fullwood was merely attempting to engage Chaney in conversation to determine if he needed assistance. This was not an invasive stop involving a moving vehicle. This was normal police procedure reasonable under the circumstances.
¶ 14. Once Fullwood engaged Chaney in conversation, he “smelled a strong *1081 odor of alcohol coming from him out of the van.” The smell of alcohol, the fact that Chaney’s van was in a high crime area, and the fact that the van had been moved all gave rise to reasonable suspicion on Fullwood’s part. “While probable cause is required before a lawful arrest may be effectuated, a reasonable suspicion is all that is required to effectuate a ‘stop and frisk.’ ” Nathan, 552 So.2d at 102-03 (citations omitted). “When a ‘reasonable investigatory stop’ is conducted, an officer is authorized to ‘conduct a weapons search limited in scope’ to the discovery of concealed weapons.” Id. at 103 (citation omitted). Fullwood’s reasonable suspicion justified a limited patdown of Chaney.
¶ 15. The real crux of this case, however, has nothing do to with Chaney’s patdown search as no weapons or contraband were found. Furthermore, the syringes eventually recovered from McGee and from the floorboard of the van were never introduced into evidence as it could not be determined at trial which syringe came from McGee and which came from the van. Chaney was convicted on possession of the cocaine found on his person. Therefore, the paramount question to be answered is whether Fullwood was justified in his final search of Chaney in which Chaney was ordered to empty his pockets.
¶ 16. After Chaney was patted down, Fullwood proceeded to go over and talk with McGee. It was during this conversation that Fullwood viewed a syringe in plain sight on the floorboard of the passenger side compartment. McGee denied that the syringe belonged to him. At that point Fullwood had probable cause to arrest both McGee and Chaney for possession of drug paraphernalia in violation of Miss.Code Ann. § 41-29-139 (Supp.1998). After seeing the syringe, Fullwood returned to Chaney and ordered him to empty his pockets. Upon doing so, the cocaine was found and only then was Chaney placed into custody.
¶ 17. Although Chaney had not been formally placed under arrest at the time he was told to empty his pockets, he was being detained and there was probable cause for a lawful arrest. Our supreme court has held that an individual is in fact arrested if in view of all the circumstances of an incident a reasonable person would have believed he was not free to leave. Riddles v. State, 471 So.2d 1234, 1236 (Miss.1985). Furthermore, in regards to what constitutes an arrest, our supreme court has stated:
“An arrest is not consummated until there has been a taking of possession of a person by manual caption, or submission on demand; and although a manual touching is unnecessary unless there is resistance to an arrest, there must be restraint of a person to establish an arrest.” Bayse v. State, 420 So.2d 1050, 1051-52 (Miss.1982) (quoting Fondren v. State, 253 Miss. 241, 175 So.2d 628 (1965)). The need for the restraint of the person arrested is also developed in the definition of arrest found in the second edition of American Jurisprudence.
To effect an arrest, there must be actual or constructive seizure or detention of the person arrested, or his voluntary submission to custody, and the restraint must be under real or pretended legal authority. There can be no arrest where there is no restraint or where the person sought to be arrested is not conscious of any restraint.
5 Am. Jur.2d Arrest § 1 (1962).
Bearden v. State, 662 So.2d 620, 623 (Miss.1995).
¶ 18. In the case sub judice, Chaney was effectively or constructively arrested at that point in which Fullwood told him to empty his pockets. At that point, Chaney had already been confronted, questioned, and patted down. When Full-wood asked Chaney to empty his pocket, Chaney could not reasonably believe he was free to go or resist the request. Furthermore, Fullwood had seen the syringe and had probable cause to effectuate an arrest. Fullwood testified that he did not *1082 place Chaney into custody until after he found the cocaine rolled up in the dollar bill. However, it does not matter if Full-wood subjectively believed he did not have enough probable cause to arrest Chaney until he saw the cocaine. Objectively, Fullwood had enough probable cause to arrest Chaney at the point he saw the syringe. Therefore, since probable cause existed even before Fullwood asked Chaney to empty his pockets, and since Chaney could not reasonable believe he was free to leave, Chaney was in fact arrested at the point Fullwood asked him to empty his pockets.
¶ 19. Our supreme court has stated that “[i]t is a long-standing rule in this, and other jurisdictions that, pursuant to a lawful arrest, law enforcement officials may seize personal effects and clothing from one who has been arrested.” Watts v. State, (¶ 52),733 So.2d 214 (Miss.1999) (citations omitted). The contraband that was seized and subsequently used to convict Chaney was obtained from a lawful arrest based on probable cause. This assignment is without merit.
II.
THE TRIAL COURT ERRED IN DENYING REQUESTED INSTRUCTION D-2.
¶ 20. At the conclusion of all proof, the following circumstantial evidence instruction was requested by Chaney:
The Court instructs the jury that if the State does not prove the Defendant guilty beyond every reasonable hypothesis consistent with innocence then you should find the Defendant not guilty.
¶ 21. This instruction was denied by the trial court. Chaney now argues on appeal that this instruction should have been granted as the contraband came from the coat he had borrowed from McGee, and he had no knowledge that contraband was in the coat.
¶ 22. Our supreme court has stated that “[a] circumstantial evidence instruction must be given only when the prosecution can produce neither an eyewitness nor a confession/statement by the defendant.” Ladner v. State, 584 So.2d 743, 750 (Miss.1991) (citing Clark v. State, 503 So.2d 277, 279 (Miss.1987)). The simple fact of the matter is there was direct eyewitness testimony linking Chaney to possession of the cocaine. Fullwood testified that he saw Chaney take the dollar bill containing the crack cocaine from his pant’s pocket and not his coat pocket. This was not circumstantial evidence linking Chaney to the crack cocaine, but rather direct eyewitness testimony.
¶ 23. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, LEE, AND PAYNE, JJ., CONCUR.
IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.