562 So.2d 90 (1990)
Sam YOUNG, III
v.
STATE of Mississippi.
No. 07-KA-59393.
Supreme Court of Mississippi.
May 2, 1990.
Ross R. Barnett, Jr., Barnett Law Firm, Thomas J. Lowe, Jr., Jackson, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PRATHER and ROBERTSON, JJ.
HAWKINS, Presiding Justice, for the Court:
This case is an appeal from the Circuit Court of the First Judicial District of Hinds County, James D. Bell, presiding, in which Sam Young, III, was convicted of possession of pentazocine with intent to distribute. He was sentenced as a habitual offender under MCA § 99-19-81 (Supp. 1977). As a result, he received 30 years imprisonment without parole and a $1,000,000 fine. We affirm.

FACTS
At approximately 3:30 p.m. on July 17, 1987, Detective Preston Carter of the Jackson Police Department was investigating the trafficking of pentazocine and a nonscheduled antihistamine (hereinafter T's and blues) in the area of Washington Avenue and Topp Street in Jackson. These drugs are used as a heroin substitute. He parked on Topp Street and, using field glasses, observed activity in front of a vacant duplex apartment on the corner of Washington and Topp streets.
There were five to seven people on the front porch. He observed members of the group walk from the porch to the curb and back. He saw a black male in a "red Hawaiian colored shirt," blue jeans and a white cap "confront" a car. This individual then walked up on the porch, and reached up on a ledge, which was a "2 x 4." He moved something on the ledge, "fiddled" with it, and placed it back. Then he walked back to the car. Carter could see some type of exchange. The individual gave the driver something and the driver handed him something which he put in his pocket. The car drove off and the man returned and took a seat on the porch. This man in the red shirt was Young.
Carter moved in and detained Young and two other individuals. He went to the porch, where he found two matchboxes and some tin foil on the ledge. The matchboxes contained a total of 16 sets of T's and blues wrapped in tin foil, each set consisting of one pentazocine pill and one histamine pill.
*91 Carter searched Young, who had $206 in cash on his person, but no drugs. The other two individuals, one of whom was a juvenile, were released.
Young was indicted for possession of a controlled substance with intent to distribute, and as a habitual offender under Miss. Code Ann. § 99-19-81 (Supp. 1977), he having been convicted twice previously for separate burglaries.
Young did not testify at trial. He was convicted and sentenced to thirty years imprisonment without parole, and a $1,000,000 fine, as authorized by Miss. Code Ann. § 41-29-139(b)(1), with the $206 found on his person to apply on his fine.

LAW
Upon appeal Young assigns two errors, the first being that the officer had improbable cause to arrest Young, and the second that the search of Young was illegal. The sufficiency of the evidence is not challenged on appeal.
Even if the arrest of Young had been unlawful, this would not constitute reversible error because no drugs or any other incriminating evidence was found on his person. For the same reason, even if the search had been illegal, it would not constitute reversible error.
Moreover, the arrest and seizure of the $206 was based upon probable cause. No Art. 3, § 23 rights under the Mississippi Constitution, or the 4th Amendment rights under the United States Constitution are implicated in seizing the illegal drugs. The illegal drugs were found on the front porch ledge of an abandoned apartment in which Young had no proprietary or possessory interest. Having observed the suspicious behavior of Young, followed by Carter's seizing the T's and blues which he had seen Young handling, gave the officer probable cause to arrest Young and search him.
In Seales v. State, 495 So.2d 475 (Miss. 1986), we held:
Probable cause exists where the arresting officer has facts and circumstances within his knowledge which are sufficient within themselves to warrant a man of reasonable caution to believe that a person has committed an offense.
Seales, at 477.
AFFIRMED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.