573 So.2d 724 (1990)
William Walter ELLIS
v.
STATE of Mississippi.
No. 89-KA-0586.
Supreme Court of Mississippi.
December 19, 1990.
James D. Minor, Oxford, for appellant.
Mike C. Moore, Atty. Gen., Deirdre McCrory, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and PITTMAN and BLASS, JJ.
BLASS, Justice, for the Court:
The defendant, William Walter Ellis was convicted of possession of less than one ounce of marijuana with the intent to sell. The trial court sentenced him to three years in prison as an habitual offender. The defendant's only assignment of error is that the lower court erred by failing to suppress the evidence seized from him. Because the officer had probable cause to arrest prior to the challenged search we affirm.
On December 8, 1987, Officer Roger Thomas of the Water Valley Police Department was on patrol. He noticed a vehicle pulling up to a warehouse. At that time the officer was about 50 yards from the vehicle. He pulled over to the side of the road and observed the situation with a pair of binoculars. The defendant was sitting on the front porch of the warehouse. Then, he walked up to the car and briefly spoke with the driver and only occupant, Dwight Jenkins. Officer Thomas observed the defendant reach into the belt line of his pants and pull out a blue bag and lean into the car. The officer then saw what he thought looked like an exchange, although *725 he testified that he couldn't actually see it. He testified that it looked like the twenty five or so other drug transactions he had seen. The defendant then placed the bag back into his pants.
Officer Thomas approached the car. When he asked the defendant what was going on he got no reply. At this time he could clearly see a bulge in the defendant's pants. He asked the defendant to spread his legs and put his hands on the car and then proceeded to frisk him. Officer Thomas testified that he did this mainly to search for weapons. He found no weapons but proceeded to pull the bag out of the defendant's pants. He testified that the bag felt soft and he suspected that it contained drugs. After discovering fourteen "nickel bags" of marijuana in this bag, he placed the defendant under arrest.
At the defendant's trial, the defense moved to suppress the marijuana because it was seized in violation of the Fourth amendment of the United States Constitution and article 3, section 23 of the Mississippi Constitution. More specifically, the defense argued that when Officer Thomas opened the bag that contained the challenged evidence he exceeded the scope of police action allowed under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The State argued that the officer's actions constituted a legitimate stop and frisk under Terry.
The trial judge overruled the objection and stated that:
Taking his [Officer Thomas'] testimony in a most favorable light, based on what he observed, based on the exigent circumstances, he had probable cause to approach the Defendant and conduct this search. Even laying aside the stop and frisk or pat down argument as to whether or not it was a valid stop and frisk for weapons, even though I feel like it was a valid stop and frisk, even laying aside that argument, still, based on what officer Thomas observed between the defendant, Ellis, and, Dwight Jenkins, based on his experience, based on the exigent circumstances that he had probable cause to approach the defendant and search him because obviously, from a practical standpoint and legal standpoint, there was no opportunity to obtain a warrant because, certainly, the defendant would then be gone and the evidence quite likely destroyed.

ANALYSIS
In its simplest terms, the defendant's argument is that when Officer Thomas searched the bag he went beyond the scope of a legal stop and frisk. The rationale underlying the Terry stop is the protection of the officer. In this light, the U.S. Supreme Court noted that the search, "must therefore be confined in scope to an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer." Terry, supra, at 29, 88 S.Ct. at 1884. When an object is soft or does not reasonably resemble a weapon, the Terry analysis does not justify removing it from the suspects clothing and searching it. 3 W. Lafave, Search and Seizure, § 9.4(b) (2nd ed. 1987).
Officer Thomas testified on his perceptions that day:
Q. How did the bag feel when you first touched it? Did it feel soft, hard; didn't (sic) feel like it was any solid object like metal?
A. It didn't feel like a solid object. It was rigid.
Q. It didn't feel like it had metal in it?
A. No, sir, it did not.
Q. And, you suspected the bag contained some sort of drugs?
A. At that point?
Q. Yes, sir.
A. Yes, sir.
Q. Actually, you suspected it when you were approaching him from the very beginning.
A. Yes, sir.
Given this testimony, the defendant's assertion is correct: the search exceeded the narrow limits of Terry. Indeed the State, in its brief, almost concedes as much. The State argues, however, that even if the search could not be justified *726 under the Terry analysis, the search was still legal because the officer had probable cause to arrest at the time he approached the defendant.
In ruling on the motion to suppress, the judge offered an independent basis for admissibility; because Officer Thomas observed a crime in progress he had probable cause to arrest and search.[1] The defense dismisses this argument out of hand because the defendant was not actually arrested until after the search was completed. Therefore, the argument goes, the search could not be a search incident to a lawful arrest because the defendant was not under arrest at the time of the search.
Undoubtedly this argument arises from the dictum in Sibron v. New York, 392 U.S. 40, 63, 88 S.Ct. 1889, 1902, 20 L.Ed.2d 917 (1968). In that case the United States Supreme Court stated that, "it is axiomatic that an incident search may not precede an arrest and serve as part of its justification." Noting that the statement might lead to future confusion, Justice Harlan, concurring, stated that, "[t]here is no case in which a defendant may validly say, `[a]lthough the officer had a right to arrest me at the moment when he seized me and searched my person, the search is invalid because he did not in fact arrest me until afterwards.'" Further clarification came in Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980). There the Court stated that, "where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather that vice versa[.]" so long as the fruits of the search were not necessary to support probable cause to arrest. Id. at 111, 100 S.Ct. at 2564.
In Peters v. New York[2], the United States Supreme Court held that there was no reason to consider an officer's right to stop and frisk when he makes an arrest based on probable cause. Id. at 66-67, 88 S.Ct. at 1904. To determine if probable cause existed this Court must decide whether "the facts available to the officer at the time of arrest warrant a man of reasonable intelligence and caution to believe an offense had been committed, and that the offense was committed by the person arrested." Riddles v. State, 471 So.2d 1234, 1237 (Miss. 1985) quoting Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Young v. State, 562 So.2d 90, 91 (Miss. 1990). We find that under these facts the officer had probable cause to arrest the defendant before the challenged search occurred. Here then, as in Peters, the officer was justified in searching not only for weapons but also for evidence that might be easily destroyed. The narrow limits of a Terry search simply do not apply.
The only fact that would weigh against a finding of probable cause is that the officer did not see the actual exchange. We don't think that this fact alone requires that we find that no probable cause existed. The officer had witnessed many such transactions in the past and this one was typical. Therefore, the lower court did not err when it failed to suppress the evidence in question.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.
NOTES
[1] In the lower court, the State only argued that the search was a valid Terry stop and frisk. The trial judge was the first to add this rationale in his ruling on the motion to suppress. Then the State adopted it in its brief.
[2] Reported as a companion case to Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968).