764 So.2d 1243 (2000)
Darryl McNULTY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00166-COA.
Court of Appeals of Mississippi.
March 14, 2000.
Rehearing Denied May 23, 2000.
Certiorari Denied August 17, 2000.
*1244 R. Keith Morgan, Hazlehurst, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorneys for Appellee.
BEFORE KING, P.J., DIAZ, AND IRVING, JJ.
DIAZ, J., for the Court:
¶ 1. The Jefferson County Circuit Court convicted Darryl McNulty of robbery and sentenced him to serve twelve years in the custody of the Mississippi Department of Corrections. McNulty appeals, challenging the weight and sufficiency of the evidence against him. Specifically, McNulty contends that the in-court identification offered by the State was inherently unreliable. Therefore, he argues the only evidence offered against him consisted of fingerprint evidence, which he claims is insufficient on its own to sustain the verdict. We disagree with McNulty's contentions and affirm.

FACTS
¶ 2. On the night of February 9, 1998, an individual robbed Ever's Package Store, located in Fayette, Mississippi. As she prepared to close for the evening, Mildred Day, the store clerk, placed the day's proceeds, totaling approximately $442.00, in an envelope underneath the register. An additional fifty dollars was left in the register to be used by the clerk who would open the store the following morning. Day testified that an individual entered the store and walked behind the counter to where she stood. The individual pushed Day against the wall, demanding "give me everything you have." According to Day, the individual took the cash drawer from the register along with the envelope located underneath the register and fled.
¶ 3. When the police arrived, Day described the robber as wearing a black and white jacket, a mask, and black pants. Police officers later recovered the stolen cash drawer, along with a pair of blue pants, a black and white jacket, and a cap in a ditch approximately 1000 to 1500 feet from the store. Officer Juan Gray recognized the cap as belonging to Darryl McNulty, the appellant. McNulty's fingerprints matched those found on the cash drawer.
¶ 4. McNulty was indicted for the robbery of the package store. The Jefferson County Circuit Court convicted McNulty and sentenced him to a term of twelve years in the custody of the Mississippi Department of Corrections.

DISCUSSION

I. WHETHER THE TRIAL JUDGE ERRED IN DENYING MCNULTY'S PEREMPTORY INSTRUCTION, HIS MOTION FOR A DIRECTED VERDICT, AND HIS MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT
¶ 5. McNulty argues that the trial court erred in denying his peremptory instruction, his motion for directed verdict and his *1245 motion for judgment notwithstanding the verdict. Because each motion challenged the legal sufficiency of the evidence, we examine only the quantum of evidence that was presented at the last time that a motion attacked the sufficiency. Wetz v. State, 503 So.2d 803, 807 n. 3 (Miss.1987). In this case that was at the time of the motion for a JNOV.
¶ 6. The evidence is viewed in the light most favorable to the State, which also receives the benefit of any favorable inferences which may be reasonably drawn from the evidence. All credible evidence consistent with the guilty verdict is accepted as true. Johnson v. State, 642 So.2d 924, 927 (Miss.1994). We may reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Hart v. State, 639 So.2d 1313, 1318 (Miss.1994).

A. RELIABILITY OF THE IN-COURT IDENTIFICATION
¶ 7. McNulty argues that the in-court identification of him by the store clerk, Mildred Day, was inherently unreliable. He points to the fact that Day identified him based solely on his "build" or "physique." As further evidence of the unreliability of the identification, McNulty notes that on the night of the robbery, Day was able to provide a description of the robber based only on his clothing and his build.
¶ 8. McNulty failed to object to this identification in the trial court. The failure to make a contemporaneous objection bars him from raising the issue for the first time on appeal. "A trial court will not be found in error on a matter not presented to him for decision." Jones v. State, 606 So.2d 1051, 1058 (Miss.1992). Notwithstanding McNulty's failure to object below, we find that the identification was reliable.
¶ 9. In Neil v. Biggers, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), the United States Supreme Court held that the central question with regard to identifications was "whether under the `totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive." The standard for determining the likelihood of misidentification set forth in Neil v. Biggers includes in its test of reliability: "(1) [t]he opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." Id. at 199-200, 93 S.Ct. 375.
¶ 10. As applied to the present case, there is little likelihood of misidentification. Day testified that McNulty walked around behind the counter to where she stood and pushed her against the wall. Presumably, Day was in relatively close proximity to McNulty during these moments. Thus, she had ample opportunity to observe him. Moreover, Day explained that she made it a point to pay close attention to the robber's physique, because "[h]e had his face covered, so I knew I had no chance of seeing who he was, so I just focused on the body and I knew him." Day's initial description of the robber was accurate, as she described the robber as wearing clothing which was later found with a cap which belonged to McNulty, along with the stolen cash drawer. Day further stated that she was certain of the identity of the robber, testifying that although he had his face covered, "I knew the body. I had seen that person several times before." Finally, the length of time which passed from the robbery until Day's initial identification of McNulty is unclear. Day testified that approximately one week after the robbery, McNulty returned to the store to make a purchase. She did not recognize him at that time but explained that "I couldn't see his body. He just stuck his head around and told me what he wanted." At some point, Day observed McNulty working at the car wash across the street from the package store and *1246 identified him as the robber. The in-court identification occurred approximately one year and five months after the robbery. The Mississippi Supreme Court has recognized that the combination of opportunity to observe, degree of attention, accuracy of description and certainty may overcome the passage of time. Gayten v. State, 595 So.2d 409, 417 (Miss.1992). We hold that a substantial likelihood of irreparable misidentification was not present.

B. WHETHER THE FINGER PRINT EVIDENCE ALONE WAS SUFFICIENT TO SUSTAIN THE VERDICT
¶ 11. McNulty next contends that in the absence of corroborative evidence, fingerprint evidence alone is insufficient to sustain a verdict. Corbin v. State, 585 So.2d 713, 716 (Miss.1991). However, McNulty bases his contention upon the flawed premise that the identification was inherently unreliable. The fingerprint evidence was corroborated by the in-court identification and therefore sufficient to sustain the verdict.

II. WHETHER THE TRIAL COURT ERRED IN DENYING MCNULTY'S MOTION FOR A NEW TRIAL
¶ 12. "In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial." Herring v. State, 691 So.2d 948, 957 (Miss.1997). "Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal." Pleasant v. State, 701 So.2d 799, 802 (Miss.1997). As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper. Dudley v. State, 719 So.2d 180, 182 (Miss.1998).
¶ 13. McNulty reiterates his assertion that because the identification was inadmissible, the only evidence against him was the fingerprint evidence. We have already concluded that the in-court identification was reliable and as such was corroborative of the fingerprint evidence. Day testified that she was certain that McNulty was the robber. Moreover, the stolen cash drawer was found near the store along with clothing which Day described the robber as wearing. A cap which McNulty had been known to wear was also found nearby. Finally, McNulty's fingerprints were found on the cash drawer.
¶ 14. At trial, McNulty testified that he was in Natchez from 7:00 p.m. until 11:00 p.m. on the night of the robbery. He further alleged that Officer Juan Gray tricked him into touching the cash drawer as revenge for McNulty's refusal to become a confidential informant. McNulty denied ever having seen the clothing recovered after the robbery.
¶ 15. Issues of disputed fact are jury questions. Reversal is not permitted absent evidence that a reasonable juror simply could not have found guilt. Lee v. State, 469 So.2d 1225, 1229-30 (Miss.1985). The jury found that this evidence supported robbery, a finding that was not against the overwhelming weight of the evidence.
¶ 16. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT OF CONVICTION OF ROBBERY AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.