MOORE, J.,
for the Court:
¶ 1. Appellant Abubakr Isiah Williams was indicted by a DeSoto County grand jury for possession of cocaine and simple assault on a law enforcement officer. Following the trial, the jury found Williams guilty of possession of cocaine and resisting arrest. The circuit court sentenced Williams to three years for possession of cocaine and six months for resisting arrest in the custody of the Mississippi Department of Corrections, with the sentences to run concurrently. Aggrieved by this decision, Williams presents the following issues for our review
I. THE TRIAL COURT ERRED IN NOT GRANTING THE DEFENDANT’S MOTION TO SUPPRESS THE CRACK COCAINE.
II. IT WAS PLAIN ERROR FOR THE PROSECUTOR TO QUESTION THE DEFENDANT ABOUT THE FACT THAT HE WAS A MUSLIM TO EVOKE PREJUDICE IN THE JURY DESPITE THE FACT THAT A CONTEMPORANEOUS OBJECTION WAS NOT MADE.
¶2. Finding both assignments of error to be without merit, this Court affirms.
STATEMENT OF THE FACTS
¶ 3. Officer Wayne Perkins of the Sou-thaven Police Department testified that on the night of October 26, 1995, as he was driving along Stateline Road, appellant Williams’s vehicle suddenly pulled out in front of him, causing him to swerve to avoid a collision. Officer Perkins then called in Williams’s license plate number and pulled him over, asking to see his driver’s license.' At that time, Officers Malone and Gwatney arrived at the scene. After Williams got out of his car, Officer Perkins patted Williams down, checking for weapons. He testified that during the pat-down, he noticed something in Williams’s shirt pocket, and when he asked Williams what it was, Williams told him it was a marijuana joint. After this admission, Officer Perkins pulled the joint out of Williams’s pocket, and upon being asked if he had anything else in the ear or on him, Williams replied that he did not. Williams consented to Officer Perkins searching his car and nothing was found. Officer Perkins walked back over to Williams. At that point, Officer Perkins asked Williams to pull his hands out of his pockets, but Williams only pulled out his right hand. When Officer Perkins reached over and pulled Williams’s left hand out of his pocket for him, a bag was sticking out. Officer Perkins confiscated the bag, which contained crack cocaine. Officers Malone and *204 Gwatney then told Williams to place his hands on the car, and Williams resisted. There was an intense struggle at that point, and Williams managed to get back into his vehicle and flee the scene. Although the officers were unable to apprehend him at that time, Williams was later found and arrested.
LAW AND ANALYSIS
I. DID THE TRIAL COURT ERR IN NOT GRANTING THE DEFENDANT’S MOTION TO SUPPRESS THE CRACK COCAINE?
¶ 4. In this assignment of error, appellant Williams raises two arguments. Williams first contends that the trial court erred in not suppressing the crack cocaine because the search resulting in this finding exceeded the limits of Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Williams then argues that the police officer’s failure to read Williams the Miranda warnings and rights flawed the search; therefore, the crack cocaine should have been suppressed. This Court concludes that neither argument has merit.
¶ 5. As stated in the above section, Officer Perkins testified that upon initial contact with Williams, he performed a pat-down for weapons only. This was a noncustodial, temporary detention, otherwise known as a Terry stop. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The testimony presented to the court below established that Officer Perkins conducted a pat-down for weapons that was reasonable in terms of purpose, manner, scope and duration, thereby making the frisk legal. This initial pat-down was not in issue on appeal.
¶ 6. While conducting this pat-down, Officer Perkins felt something in Williams pocket which did not appear to be a weapon. When Officer Perkins asked Williams what the object was, Williams voluntarily told the officer it was a marijuana cigarette. Williams was ' not required to answer this question, but when he did, he effectively confessed his guilt of possession of marijuana. Appellant Williams contends that the following search conducted by Officer Perkins, resulting in the finding of the crack cocaine, was performed without proper probable cause, and exceeded the limits set by Terry. We conclude that this argument is not justified for the following reasons.
¶ 7. In order for an officer to make an arrest, he must first have probable cause. “Probable cause exists where ‘the facts and circumstances within the arresting officer’s knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.’ " Craig v. State, 739 So.2d 410, 412 (¶ 4) (Miss.1999) (quoting Draper v. U.S., 358 U.S. 307, 313, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959)). Williams’s voluntary statement, admitting he was in possession of marijuana, provided Officer Perkins with the necessary probable cause to arrest him for that particular crime.
¶ 8. Since Officer Perkins had probable cause to arrest Williams for. possession of marijuana, he was legally allowed to perform a search incident to that arrest. There is no violation of the Fourth Amendment when a person, placed under lawful arrest, is subjected to a full search of his person. U.S. v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). This simply negates Williams’s argument that the officer, in further searching his person, went beyond the scope of a legal stop and frisk as established by Terry because Terry was no longer applicable: “A search incident to a valid arrest is not limited to a Terry type search.” Rankin v. State, 636 So.2d 652, 657 (Miss.1994) (citing Robinson, 414 U.S. at 229, 94 S.Ct. 467). In Ellis v. State, 573 So.2d 724 (Miss.1990), the supreme court held that since the police officer had probable cause to arrest the defendant, the officer was justified in searching for more than weap *205 ons, and the narrow limits of a Terry search did not apply. Id. at 726. This Court finds that Williams’s admission of possession of marijuana gave the officers probable cause to arrest him for that crime, thereby allowing a search incident to that arrest, which in turn yielded the crack. “It is of no moment that the evidence obtained as a result of the search incident to [defendant’s] arrest for [a particular crime] is not related to that charge, but created probable cause for a subsequent arrest on a wholly different charge.” Rankin, 636 So.2d at 657 (See Robinson, 414 U.S. 218, 94 S.Ct. 467 (Robinson was arrested for violation of the Motor Vehicle Code; search incident to this arrest yielded heroin; Robinson was subsequently convicted of a drug offense)).
¶ 9. Due to the fact that Williams’s argument on this subject ended with his contention that the crack cocaine should have been suppressed because the limits imposed by Terry had been exceeded, this next point was not mentioned by appellant Williams. However, this point was raised by the State and is important in the understanding of our ruling.
¶ 10. In Ellis, in ruling on a motion to suppress, the trial judge stated that since the police officer had probable cause to arrest the defendant, he could do so and thereby perform the search incident to that arrest. The defense dismissed this argument, stating that the defendant was not actually arrested until after the search was completed, thereby arguing that “the search could not be a search incident to a lawful arrest because the defendant was not under arrest at the time of the search.” Ellis, 573 So.2d at 726. This argument could be made by appellant Williams in the present case. The actual, physical arrest did not take place until after Officer Perkins searched Williams and found the crack cocaine. However, this argument made by the defendant in Ellis failed because the United States Supreme Court in Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980) held: “where the formal arrest followed quickly on the heels of the challenged search of petitioner’s person, we do not believe it particularly important that the search preceded the arrest rather than vice versa ... so long as the fruits of the search were not necessary to support probable cause to arrest.” Ellis, 573 So.2d at 726 (citing Rawlings, 448 U.S. at 111, 100 S.Ct. 2556) (emphasis added). This is directly on point for the case at bar, and has been upheld by this Court before. In Craig, this Court held that “even though the search occurred prior to the announcement by the officer that [defendant] was under arrest, the arrest had actually occurred because an arrest begins when an officer begins his pursuit to make the arrest.” Craig, 739 So.2d at 412 (¶ 4) (citing Haddox v. State, 636 So.2d 1229, 1233 (Miss.1994)).
¶ 11. The second argument asserted by Williams under this assignment of error concerns the Miranda warnings. Williams contends that the failure of Officer Perkins to read the warnings tainted the search; therefore, the crack cocaine found during this search should have been suppressed at trial. We do not agree. Due to the fact that this argument asserted by Williams is vague and basically unsupported with legal authority, this Court will discuss the entire interaction to demonstrate that the police officers did not commit an error regarding Miranda rights.
¶ 12. As discussed above, the initial confrontation between Officer Perkins and Williams after Officer Perkins pulled Williams over in his car was a Terry stop and pat-down for weapons. It was during this Terry stop that Officer Perkins asked Williams what was in his pocket (referring to what turned out to be a marijuana cigarette) and Williams voluntarily told the officer that the object was marijuana. A Terry detention, by definition, is not a custodial arrest, and Miranda only applies when a person is under custodial intern- *206 gabion. “Miranda is designed to counteract the ‘inherently coercive’ nature of custodial interrogations.... ” Biggs v. State, 741 So.2d 318, 324 (¶ 18) (Miss.1999) (citing Whitebread and Slobogin, Criminal Procedure § 16.02 at 382 (1993)). In Nathan v. State, 552 So.2d 99 (Miss.1989), the Mississippi Supreme Court stated, “Having determined that the initial stopping of [defendant] constituted a Terry stop, it -is apparent that [defendant] was not under arrest at the time he was stopped, even though [defendant] may not have reasonably believed he was free to leave.” Id. at 103. The danger Miranda was designed to prevent is not present in a Terry stop situation, therefore excluding the stop from the scope of Miranda: “The comparatively nonthreatening character of detentions of this sort explains the absence of any suggestion in our opinions that Terry stops are subject to the dictates of Miranda.” Berkemer v. McCarty, 468 U.S. 420, 440, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984). Therefore, since Williams volun-. tarily admitted he was in possession of marijuana during a non-custodial, temporary detention, and not under custodial arrest, “the absence of Miranda warnings ... do not preclude the admissibility of any statement freely and voluntarily given during such investigation.” Nathan, 552 So.2d at 103.
¶ 13. In discussing the interaction after Officer Perkins had already taken possession of the marijuana, Williams further argues that he should have been read the Miranda warnings before Officer Perkins asked him if he was in possession of any other drugs. The fact that Officer Perkins might have asked Williams this question is completely irrelevant since Officer Perkins had the legally authority to search Williams entire person at that point, as he proceeded to do. Officer Perkins was under no legal obligation to read Williams the Miranda warnings prior to performing the search that uncovered the crack cocaine. In conclusion, this Court agrees with the United States Supreme Court’s ruling in Berkemer: “we find nothing in the record that indicates that [defendant] should have been given Miranda warnings at any point prior to the time [officer] placed him under arrest.” Berkemer, 468 U.S. at 441, 104 S.Ct. 3138. The trial court did not commit error in denying the motion to suppress the crack cocaine.
II. WAS IT PLAIN ERROR FOR THE PROSECUTOR TO QUESTION THE DEFENDANT ABOUT THE FACT THAT HE WAS A MUSLIM TO EVOKE PREJUDICE IN THE JURY DESPITE THE FACT THAT A CONTEMPORANEOUS OBJECTION WAS NOT MADE?
¶ 14. Under th.e well established rule, this assignment of error is procedurally barred from review on appeal. Williams made no objection to this statement during the trial. “The failure to make a contemporaneous objection bars him from raising the issue for the first time on appeal.” McNulty v. State, 764 So.2d 1243 (Miss.Ct.App. 2000).
If 15. However, there is an exception to this rule. Mississippi Rules of Appellate Procedure 28(a)(3) provides the exception allowing that “the court may, at its option, notice a plain error not identified or distinctly specified.” The Mississippi Supreme Court has held that it “only addresses issues on plain error review when the error of the trial court has impacted upon a fundamental right of the defendant.” Sanders v. State, 678 So.2d 663, 670 (Miss.1996). Furthermore, in Sanders,' the supreme court stated that since the defendant in that case did not adequately demonstrate that there had been a violation of a fundamental right, the supreme court should not use the plain error rule to hear the issue on appeal. Id:
¶ 16. In the case at bar, appellant Williams asserts that the prosecutor’s question, eliciting the answer that Williams was Muslim, prejudiced the jury; therefore, there was a violation of his fundamental right of religious freedom. This Court *207 holds that there was no evidence to prove that this statement was so prejudicial as to Williams that a fundamental right was violated. Similarly, in Waldon v. State, 749 So.2d 262, 267 (¶ 16) (Miss.App.1999) this Court held that since there was no finding that the defendant was unfairly prejudiced by the admission of certain evidence, this Court found there to be “no basis for the reversal of this conviction on the basis of plain error.” The same must be found in the present case. Since this statement was not prejudicial, the issue will not be addressed on a plain error review. Therefore, this assignment of error has no merit.
¶ 17. After review, this Court concludes that the lower court did not- commit reversible error. Accordingly, this Court affirms.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF COUNT I POSSESSION OF COCAINE AND SENTENCE OF THREE YEARS; COUNT II RESISTING ARREST AND SENTENCE OF SIX MONTHS TO RUN CONCURRENTLY TO SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ, BRIDGES, LEE, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.