SOUTHWICK, P.J., for the Court:
Jonathan Cribbs was convicted of one count of sale of cocaine by a circuit court jury. He appeals arguing that his motion for continuance should have been granted, that the evidence was insufficient, that his trial counsel rendered ineffective assistance of counsel, and that the circuit court erred by allowing references to prior crimes. Finding no error, we affirm.
STATEMENT OF FACTS
¶2. On October 27, 1997, three agents assigned to the North Mississippi Narcotics Unit conducted a controlled buy in Amory. One agent, Paul Mills, was in a truck equipped with video/audio surveillance equipment and a wireless transmitter. The other two agents followed in another vehicle equipped with a receiver so that they could monitor any transactions.
¶ 3. Agent Mills drove to a suspected drug sales area in Amory at 4:00 p.m. The other two officers stationed themselves approximately one mile away. The driver of a yellow Cadillac with a white top motioned to Mills to stop his vehicle. The Cadillac passed him, turned around, and then pulled up alongside. The driver lowered the passenger side window and asked Mills what he wanted. Mills said that he was looking for a friend. The driver told Mills to pull off the road. Mills parked at the curb and the driver of the Cadillac parked approximately seventy-five feet ahead of him. Mills noted the tag number of the Cadillac and transmitted it to the agents in the other vehicle.
¶ 4. Mills then exited his truck and approached the Cadillac. Mills said he wished to purchase forty dollars worth of crack cocaine. The driver of the Cadillac instructed Mills to return to his vehicle. Mills did as he was told and waited for several seconds by his vehicle. He then walked back towards the driver of the Cadillac, who by then had a brown medicine bottle from which he was pouring crack cocaine. After making his purchase, Mills returned to his truck and placed the drugs in an evidence bag. Throughout the transaction, the driver remained in his vehicle.
¶ 5. Mills testified that he and the drug seller were perhaps one to two feet from one another and that Mills had no trouble seeing him. Mills testified that the driver of the vehicle was a light complexioned black male, six or more feet tall, approximately 165 pounds, with a thin mustache, curly hair, and three upper gold teeth. Mills said that he had some difficulty judging the driver’s height because the driver never exited the car. However, Mills testified that he knew that the driver was a tall man because the driver’s seat was placed so far back that another person could not have sat in the seat behind him. An image of the driver of the Cadillac was never recorded on videotape.
*570 ¶ 6. One of the other two agents, Ray Blaylock, testified that the Cadillac was registered to the defendant, Jonathan Cribbs.
¶ 7. Cribbs testified in his own behalf. He denied selling cocaine to Mills, denied that his yellow Cadillac had a white top as had been described by Mills, and testified that he was at work on the day of the drug sale. Cribbs testified that a cousin matched the physical description given by Mills, and that his cousin may have been driving Cribbs’ car that day.
¶ 8. Cribbs was convicted after a one-day trial. He appeals here.
DISCUSSION

Late notice of appeal

¶ 9. Cribbs’ notice of appeal was not filed within the required thirty days of the order that denied the post-trial motions. M.R.A.P. 4(a). A trial court may extend the time to file for appeal if a motion for an extension is filed not later than sixty days after the final judgment. M.R.A.P. 4(g). Cribbs filed his notice of appeal late, never asked for an extension— which is discretionary with the trial court — but did file the notice within the time period to file a motion for extension under Rule 4(g). The State never objected nor moved to dismiss for that reason.
¶ 10. The appeal was later dismissed, however, for failure to pay court costs. Cribbs then filed a motion alleging that his counsel had abandoned him. That motion led to a remand by the Supreme Court. The circuit court granted Cribbs’ motion and appointed new appellate counsel. The new counsel filed a motion with the Supreme Court for reinstatement of the appeal, which was granted.
¶ 11. We find that the Supreme Court’s reinstatement order effectively removed any meaningful issue of jurisdiction. We therefore proceed to discuss the issues that Cribbs raises.

1. Continuance

¶ 12. Cribbs had appointed trial counsel. Shortly after the jury was selected, the trial judge asked Cribbs if he wanted to make a statement. He did.
Your Honor, when I last pled guilty to sale of cocaine in September of '98, it was my understanding that I had pleaded to all my sale charges. That was my understanding me and my attorney reached at that time.
Later on they bring me back on another case, then they tell me I’ve got another sale of cocaine charge, which I’m unprepared, I didn’t know nothing about. I thought I had five years under all the sale cases.
So, I want — I did sell the cocaine, Your Honor, and I want to ask to have some witnesses. I want to give you some time — give me some time so I can probably hire me a lawyer because I don’t feel like Mr. Ellis has my best interest at hand.
The circuit court denied the motion for continuance.
¶ 13. The “decision to grant or deny a continuance is left to the sound discretion of the trial court, and this Court shall not reverse for the denial of a continuance unless it appears that manifest injustice resulted from the denial.” Buckley v. State, 772 So.2d 1059, 1060-61 (Miss.2000). The denial of a continuance is waived as an appellate issue, unless the party includes the denial as one of the grounds in a motion for a new trial. Jackson v. State, 423 So.2d 129, 132 (Miss.1982). The reason is that unless facts are shown as to what additional witnesses could have been called or other benefits to the pursuit of justice would have arisen *571 from a continuance, there is no grounds for reversal. Id. At trial Cribbs said that he needed a continuance in order to secure necessary witnesses and obtain different counsel.
¶ 14. As to the issue of counsel, we note that a criminal defendant does not have an absolute right to choose his counsel. Atterberry v. State, 667 So.2d 622, 630 (Miss.1995). “The motion of an indigent prisoner requesting the court to dismiss his court-appointed attorney is addressed to the sound discretion of the trial judge,” and a “defendant [is] not entitled to a continuance so that he [can] hire a private attorney instead of being represented by his court-appointed attorney.” Atterberry, 667 So.2d at 630. Cribbs did not ask for a continuance and new counsel until the morning of trial. He was not pleased with the amount of preparation that his court-appointed counsel had given to the case, but we find no evidence of what further the counsel meaningfully could have done. We now look at the issue of additional witnesses as a separate matter.
¶ 15. There is no evidence in the record to suggest what Cribbs’ absent witnesses would have said. No facts supporting the need for a continuance were provided either at the time of the pretrial or of the post-trial motions. The only explanation of who the additional witnesses would have been and what they might have said was made in an affidavit included, improperly, in the record excerpts submitted with the appellant’s brief. The affidavit was never presented in the circuit court, and this Court cannot examine “evidence” that appears only as an attachment to an appellate brief.
¶ 16. We find no proof of an abuse of discretion in the denial of a continuance.
£ Sufficiency of the Evidence
¶ 17. Cribbs asserts that the evidence supporting the verdict of guilty is insufficient as a matter of law. In particular, it is alleged that the State failed to prove beyond a reasonable doubt that he was the driver of the Cadillac. Cribbs testified that he was six feet and six inches tall and weighed approximately 250 pounds. Agent Mills described Cribbs as being six feet plus and approximately 165 pounds. Cribbs argues that this factual variation created unavoidable reasonable doubt.
¶ 18. “When reviewing the sufficiency of evidence, this Court looks to all of the evidence before the jurors to determine whether a reasonable, hypothetical juror could find, beyond a reasonable doubt, that the defendant is guilty.” Jackson v. State, 791 So.2d 830, 834 (Miss.2001). The evidence as a matter of law is viewed in a light most favorable to the verdict. Jackson, 791 So.2d at 834. We accept as true all plausibly credible evidence that is consistent with the verdict. McNulty v. State, 764 So.2d 1243, 1245 (Miss.Ct.App.2000).
¶ 19. Agent Mills testified at trial that he was able to observe the driver of the Cadillac on four separate occasions during the controlled buy. At one point he was only one to two feet away from the driver. Mills explained that he was uncertain as to the weight and height because the man never exited the car. Other than for weight and exact height, Cribbs matched Mills’ description of being a light complexioned black male, six or more feet tall, with a thin mustache, curly hair, and three upper gold teeth. Mills identified Cribbs in court as the driver of the Cadillac.
¶ 20. Cribbs attempted to discredit the identification testimony at trial, just as he does on appeal. It was for the jury to determine whether Mills’ certitude about identity was credible. We find no *572 invalidity in the decision that it was. A reasonable, hypothetical juror could have found Cribbs guilty beyond a reasonable doubt.

S. Ineffective Assistance of Counsel

¶ 21. Cribbs asserts that his trial counsel failed to keep him informed of developments in his case, failed to call witnesses he requested, failed to raise any objections during jury selection, failed adequately to cross-examine witnesses, failed to object to the admission of evidence, and failed to argue Cribbs’ case zealously.
¶ 22. “To establish ineffective assistance of counsel, the client must prove that his counsel’s performance was deficient and that the deficiency prejudiced the defense of the case.” Sharp v. State, 786 So.2d 872, 382 (Miss.2001). There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.... ” Goodin v. State, 787 So.2d 639, 651 (Miss.2001). “With respect to the overall performance of the attorney, ‘counsel’s choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy and cannot give rise to an ineffective assistance of counsel claim.’ ” Reynolds v. State, 784 So.2d 929, 933-34 (Miss.2001).
¶ 23. Cribbs’ litany of trial counsel errors does not demonstrate how he was prejudiced. Many of the errors alleged by Cribbs are the kind that under Reynolds are the most difficult to use as a basis for an ineffective assistance allegation. As to the argument that counsel allowed too many black jurors to be excluded, the record reveals that the trial court excluded the jurors for cause. With the exception of one juror, these excluded jurors stated that they either knew Cribbs or one of his family members, could not sit in judgment of another, or had family members that had been prosecuted. No error in this ruling has been shown, and no basis to claim attorney deficiency arises.

I. Prior Crimes

¶ 24. Cribbs alleges that the circuit court improperly allowed testimony concerning prior crimes. The testimony to which Cribbs objects was by Agent Blay-lock, who with another agent had parked a mile away while Mills attempted to make a drug purchase.
Prosecution: And what did you hear over this tape? In reference to this particular drug transaction, what did you hear as you were surveilling?
Defense: Object to hearsay, Your Hon- or.
Prosecution: What he heard, Your Hon- or.
The Court: Sir?
Prosecution: It’s what he heard.
The Court: Well, he can describe the general tenor of what he said, Counsel, not the conversation itself.
Agent Blaylock: Based on the equipment, I observed Agent Mills being flagged down by a yellow Cadillac that Agent Mills recognized as an individual he had seen photographs or — correction, not photographs, a videotape of—
Defense: Objection, Your Honor.
The Court: Overruled.
Agent Blaylock: — in the past.
¶ 25. Cribbs argues that Agent Blay-lock’s reference to a prior video of Cribbs was a violation of a rule that “[e]videnee of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.” M.R.E. 404(b). Cribbs argues that the comment allowed the jury to *573 infer that he had previous dealings with the police.
¶26. Cribbs’ trial counsel failed to make a specific objection to Agent Blay-lock’s statement. It is unclear on what basis counsel objected. The objection could have been based on prior crimes evidence as is now alleged on appeal, on hearsay which was the first objection noted, or some other rule. A trial judge cannot be in error for denying an objection when the grounds for such objection are not properly placed before the court. Fears v. State, 779 So.2d 1125, 1127 (Miss.2000).
¶ 27. Even though the witness’s statement may have implied to some jurors that Cribbs was in a videotape of prior criminal activity, that was only an implication. There was not sufficiently clear prejudice to Cribbs so as to cause this failure to object to affect fundamental rights. We also do not find, since the prejudice is minimal, that counsel’s failure to object indicates significant deficiency in his professional skill or that the outcome of the trial was thereby affected.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF MONROE COUNTY OF CONVICTION OF SALE OF COCAINE, SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH SENTENCE TO RUN CONSECUTIVELY TO SENTENCE IMPOSED IN MONROE COUNTY CIRCUIT COURT NO. CR98-016, AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ„ CONCUR.