KING, P.J.,
for the Court:.
¶ 1. Mandy Gilbreath was indicted by a Scott County Grand Jury for possession of more than one ounce of marijuana. She was convicted and sentenced to serve three years in the custody of the Mississippi Department of Corrections and fined *722 $1500 plus all court costs. Aggrieved by her conviction and sentence, she now appeals assigning the following error: whether the trial court erred by refusing to suppress evidence obtained in an illegal search. Finding no error, we affirm.
FACTS
¶ 2. On October 1, 1997, after Mandy Gilbreath’s daughter attempted to sell marijuana at school, Bill Wilbourne, constable for Scott County, and David Gilmore, chief of police in Sebastopol, drove to the home of Mandy Gilbreath. Because the officers suspected that the child brought the marijuana from home, they wished to search the premises. Upon arrival, Wilbourne asked for permission to search Gilbreath’s home. Gilbreath signed a consent form allowing Wilbourne and Gilmore to conduct a complete search of her mobile home and an adjacent vacant house. Wilbourne testified that Gil-breath’s consent was voluntarily given and absent of coercion or threats by the police. However, Wilbourne indicated that he warned Gilbreath of the consequences of refusal, which included the issuance of a search warrant and police surveillance during the interim.
¶ 3. Gilbreath, wanting to save time, showed police the marijuana hidden inside her bedroom closet. Police then searched the adjacent vacant house and found a live marijuana plant. Gilbreath stated that she would take full responsibility for all the marijuana found. After retrieving the marijuana, police concluded the search and arrested Gilbreath.
¶ 4. Gilbreath was subsequently charged with possession of marijuana. Convicted of the charge, Gilbreath was sentenced to serve three years in the custody of the Mississippi Department of Corrections and fined $1500 plus all court costs. Gil-breath’s motion for judgment notwithstanding the verdict, or in the alternative a new trial having been denied, she has appealed her conviction and sentence.
ANALYSIS AND DISCUSSION OF THE LAW
I.
Whether the trial court erred by refusing to suppress evidence obtained in an illegal search.
¶ 5. Appellant asserts that the search and seizure of her mobile home and the neighboring vacant house containing marijuana were invalid and, therefore, its results should not have been admitted at trial. She argues that in their attempt to locate the marijuana, law enforcement officers did not initially obtain valid consent before going onto her property. Gilbreath contends that the presence of Constable Wilbourne and Officer Gilmore at the time of consent amounted to custody since she was not allowed to leave the premises. The State argues that Gilbreath voluntarily consented to the search of her mobile home by signing a consent to search form which contained a clause informing her of the right to refuse. In addition, the State argues that Gilbreath’s knowledge of the location of the marijuana and acceptance of responsibility for it demonstrates the vol-untariness of the consent.
¶ 6. We find merit in the State’s argument. The Fourth Amendment generally prohibits warrantless entry of a person’s home, whether to make an arrest or to search for specific objects. Payton v. New York, 445 U.S. 573, 576, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). See Johnson v. United States, 333 U.S. 10, 17, 68 S.Ct. 367, 92 L.Ed. 436 (1948). This prohibition does not apply, however, to situations in which voluntary consent has been obtained, either from the individual whose *723 property is searched or from a third party who possesses common authority over the premises. Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). See Waldrop v. State, 544 So.2d 834, 837 (Miss.1989). “Voluntary consent is a question of fact to be determined from surrounding circumstances, and while the subject’s knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent.” Id. at 248-49.
¶ 7. The Mississippi Supreme Court held that in order for consent to be voluntary, the defendant must be advised of his right not to consent. Penick v. State, 440 So.2d 547, 551 (Miss.1983). This decision was based in part on its interpretation and application of Section 23 of the Mississippi Constitution. However, in Jones v. State, 607 So.2d 23, 28 (Miss.1991), the supreme court used the federal standard to determine the validity of consent and held “that consent is not valid where the consenter is impaired or has diminished capacity; otherwise we apply the same test for valid consent as the federal standard and place the burden on the defendant to show impaired consent or some diminished capacity.” Id. In short, the Penick knowledgeable consent requirement is only applicable in cases where the defendant specifically claims that his or her consent was not knowledgeable. Pen-ickis inapplicable to the case at bar because Gilbreath argues invalid consent due to duress and coercion. Therefore, Wilb-oume’s failure to specifically advise Gil-breath that she did not have to allow a search of the mobile home and the vacant house does not render Gilbreath’s consent involuntary pursuant to the court’s analysis in Jones.
¶ 8. During the trial, Constable Wilbourne and Officer Gilmore testified that Gilbreath gave written consent to search her mobile home when she signed the consent to search form. Although Gil-breath was initially hesitant about signing the consent form, she acquiesced after Wilbourne and Gilmore warned that police would seek issuance of a search warrant and remain on the property during the interim. Gilbreath argues that this conduct constituted custody and coercion because she did not feel free to leave. However, the officers were merely securing the scene from possible removal of the contraband during the issuance of a warrant. Viewing the surrounding circumstances under which consent was given, we find that Gilbreath was not in custody or coerced at the time of consent.
¶ 9. Constable Wilbourne indicated that Gilbreath’s consent was not the product of coercion, threats, or promises. There was no indication that Gilbreath was intoxicated or unable to understand that police intended to conduct a search of the premises. On direct, Gilbreath testified that she wanted to save police the trouble of conducting the search by turning over the marijuana. In fact, Gilbreath directed the officers to the location of the marijuana in the bedroom closet and accepted responsibility for the marijuana found in the closet and for the plant found in the vacant house next door.
¶ 10. We hold that Gilbreath’s consent for Wilbourne and Gilmore to search the mobile home and the vacant house rendered the search lawful so that the fruits of the search were properly admissible against Gilbreath.
¶11. THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN ONE OUNCE OF MARIJUANA AND SENTENCE TO SERVE *724 THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1500 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, PAYNE, and THOMAS, JJ., concur.