878 So.2d 232 (2004)
Harold D. McKEE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01048-COA.
Court of Appeals of Mississippi.
March 9, 2004.
Rehearing Denied June 1, 2004.
Certiorari Denied July 29, 2004.
*234 Harold D. McKee, appellant, pro se.
*235 Laurel G. Weir, Philadelphia, MS, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before KING, P.J., THOMAS and MYERS, JJ.
THOMAS, J., for the court.
¶ 1. Harold D. McKee appeals his conviction by a Leake County jury of the felony of possession of cocaine. McKee assigns five errors in the court below:
I. ERROR EXISTS IN ADMISSION OF EVIDENCE AGAINST APPELLANT.
II. THE HONORABLE LOWER COURT ERRED IN REFUSING THE REQUESTED CIRCUMSTANTIAL EVIDENCE INSTRUCTIONS.
III. THERE WAS NO CHAIN OF CONNECTION IN REFERENCE TO THE ALLEGED DRUGS FROM THE TIME THEY WERE TAKEN UNTIL THE TRIAL.
IV. ERROR EXISTS IN EVIDENCE AND ALLEGED INFORMATION CONCERNING THE TRIAL AND AN ANTENNA.
V. TRIAL COUNSEL IN THE LOWER COURT WAS INEFFECTIVE IN FAILING TO OBJECT TO TRIAL COURT'S RULINGS AND THE MANNER OF THE CONDUCTION OF THE TRIAL.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Carthage Chief of Police Jim Moore stopped Harold D. McKee on January 18, 2001 for driving a truck with an expired registration tag. McKee exited the vehicle and met Moore outside. Moore asked for a driver's license and after a few moments, McKee admitted he did not possess one. Moore noted the scent of alcohol on McKee's breath and asked McKee if he had been drinking. McKee admitted to having consumed one beer.
¶ 4. Moore approached McKee's truck and looked in the passenger window. In addition to a passenger, Billy Stewart, Moore observed an open beer container on the floorboard and a six-ring plastic drink can holder protruding from a brown paper bag on the seat approximately halfway between driver and passenger. Moore lifted the bag and spotted a pill bottle containing several rocks of crack cocaine. Moore called for assistance and handcuffed McKee.
¶ 5. Officer Chad Arthur arrived, advised McKee of his Miranda rights and transported him to the police station. Chief Moore arrived at the station at approximately the same time and both officers were present when McKee was processed. McKee was directed to empty his pockets. One of the items McKee removed from his pockets was another pill bottle which also contained crack cocaine. McKee attempted to retrieve the bottle but was unsuccessful. Officer Arthur also found a crack pipe and an antenna, often used for cleaning crack pipes, in the backseat of his vehicle after transporting McKee to the police station.
¶ 6. McKee was charged with possession of cocaine between two and ten grams. Trial was had on May 9, 2002. After deliberation, the circuit court jury found McKee guilty of the crime charged and he was sentenced to a term of twelve years' imprisonment. This appeal followed.

ANALYSIS

1. Admission of evidence
¶ 7. The heart of this assignment of error is the argument that the trial court erred in admitting evidence which had been seized in violation of McKee's constitutional *236 rights. McKee argues he was only arrested for a minor traffic offense for which the usual remedy is the issuance of a citation, thus authorities had no right to conduct a search of his person without a duly executed warrant since no exigent circumstances existed to forgive the Fourth Amendment warrant requirement. McKee also alleges he was never advised of his Miranda rights as required under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
¶ 8. Whatever violation was the impetus for Chief Moore to initially stop McKee, what he was arrested for was possession of cocaine, not a traffic violation. What the usual punishment for a traffic violation may be is of absolutely no relevance in this case.
¶ 9. The evidence of the cocaine found in the truck was admissible. While a warrant is generally required before the search for or seizure of evidence may be conducted, no warrant is required to seize an object in plain view when viewed by an officer from a place he has the lawful right to be, its incriminating character is readily apparent and the officer has a lawful right of access to the evidence. Minnesota v. Dickerson, 508 U.S. 366, 375, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). However, this exception only forgives the lack of a warrant. There must still be probable cause before such a search or seizure can be made. Arizona v. Hicks, 480 U.S. 321, 326-27, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987).
¶ 10. Chief Moore had legally stopped McKee for a traffic violation. He smelled alcohol on McKee's breath and saw an open container of alcohol in the vehicle from his position outside the vehicle on the side of a public thoroughfare, a place Chief Moore was obviously legally entitled to be. Chief Moore also saw other evidence of alcohol in the form of a plastic, six-ring can holder, used to secure beer, among other beverages, prior to sale.
¶ 11. Under the plain view doctrine, Moore was entitled to seize this evidence without a warrant. The presence of alcohol and olfactory suggestion of its consumption gave Moore sufficient probable cause to also search the vehicle. Northington v. State, 749 So.2d 1099, 1103(¶ 9) (Miss.Ct.App.1999). If, in the process of making that legitimate search and seizure, Moore uncovered evidence of another crime, as he did here, he is not required to ignore such evidence nor does the Fourth Amendment require its suppression. Michigan v. Long, 463 U.S. 1032, 1050, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983).
¶ 12. Even had probable cause been absent, McKee would have no standing to complain. As he repeatedly points out in his briefs, McKee was not the owner of the vehicle at the time of his arrest, he was merely test-driving it in order to determine whether he wished to purchase it. Fourth Amendment rights are personal ones and a defendant may not seek to suppress evidence through a complaint that the constitutional rights of a third party have been violated, in this case the right of the actual owner of the vehicle to be free of a warrantless search. Rakas v. Illinois, 439 U.S. 128, 133-34, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) (passengers in vehicle in which neither had a property or possessory interest lacked standing to complain of search of vehicle in which narcotics were found).
¶ 13. As for the cocaine found on McKee's person, it is well settled that an officer has the right to conduct a search of a defendant's person incident to a lawful arrest. United States v. Robinson, 414 U.S. 218, 235, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). That McKee was directed to empty his pockets rather than have them emptied *237 for him does not change the nature of the search.
¶ 14. Finally, it is also a matter of settled law that Miranda warnings serve to protect a suspect's Fifth Amendment right to be free of compulsory self-incrimination, a right which only extends to evidence of a testimonial or communicative nature. Schmerber v. California, 384 U.S. 757, 761, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Inanimate items, such as vials of crack cocaine, found on a suspect do not qualify as either testimony or communication and are thus unprotected by the Fifth Amendment.

2. Circumstantial evidence instruction
¶ 15. McKee next argues he was entitled to a circumstantial evidence instruction because the evidence did not establish anything but constructive possession of cocaine by him, and the State failed to prove he had exclusive dominion and control over the vehicle-in terms of inches, the cocaine was closer to the passenger than it was to McKee. Given these failures and lacking either an eyewitness or a confession, McKee submits he was entitled to a circumstantial evidence jury instruction.
¶ 16. McKee misunderstands the concepts of constructive possession and dominion and control. Constructive possession is not a lesser degree of possession but rather a method by which possession is established. Constructive possession may be proved by showing a suspect had dominion and control over the location in which the contraband is found. Keys v. State, 478 So.2d 266, 267 (Miss.1985). It is not an either/or proposition as McKee appears to be arguing.
¶ 17. With respect to jury instructions, an accused is entitled to receive a particular species of instruction when the evidence against him is wholly circumstantial and he so requests. Id. at 267. Such an instruction generally informs the jury that before it may convict, each element of the crime must be proven beyond a reasonable doubt and to the exclusion of every reasonable hypothesis consistent with innocence. Id.
¶ 18. In this case, the evidence against McKee is not wholly circumstantial. McKee was not charged with separate counts of possession, one for the cocaine found in the car and one for the cocaine found on his person, but a single charge encompassing both specimens. That portion of the cocaine found on his person constitutes direct evidence of possession. The evidence in this case is thus of the mixed variety, partly circumstantial and partly direct. In such instances, a circumstantial evidence instruction is not required. Sullivan v. State, 749 So.2d 983, 992 (¶ 20) (Miss.1999).

3. Chain of custody
¶ 19. McKee's third assignment of error is that the State failed to establish a chain of custody between the time the cocaine was seized and the time it was presented at trial. McKee failed to object to this alleged error at trial. It is thus not properly preserved for appellate review. Fleming v. State, 604 So.2d 280, 294 (1992). However, even were that not the case, testimony at trial established the chain of custody. Chief Moore testified he sealed the cocaine in evidence bags at the respective locations of discovery then handed them to Officer Billy Martin. Martin later transported the bags to the Mississippi Crime Lab for contents analysis then retrieved the bags, resealed and initialed by the lab analyst, and placed them in evidence storage until trial. Officer Vick Hamilton testified he removed the bags, still sealed, from evidence storage *238 and transported them to the court on the day of trial. That is sufficient.

4. Crack pipe and antenna
¶ 20. In his brief to this court, McKee alleges "the evidence concerning [the crack pipe and antenna] was that the police car had not been searched by the police prior to Appellant being placed in the vehicle and there was no proof that Appellant placed it there, but Appellant denied this being true."
¶ 21. Once again, no objection was made at trial and the issue was not preserved for appellate review. However, in the interest of thoroughness, we will briefly review the matter. McKee's statement quoted above does not accurately reflect the testimony at trial. McKee did deny placing the items in the police car but Officer Arthur also testified he searched the police vehicle before placing McKee in it. Arthur further testified neither item had been in the vehicle when he searched it but was present after McKee was removed from it at the Carthage police station.
¶ 22. McKee further argues that because the pipe and antenna were not introduced into evidence, the jury became confused and he should have been granted a mistrial. It is important to note that what McKee argues as error was the failure of the State to have the pipe and antenna introduced as physical evidence, not the testimony of Officer Arthur on the subject of the items. The jury did inquire of the judge why the items had not been introduced as evidence. The court informed the jury it could not comment on the State's trial technique and a verdict should be based upon the evidence as presented. This was a proper answer. McKee was not charged with possession of paraphernalia but possession of cocaine. The State was not required to introduce evidence of this separate crime and McKee puts forth neither a theory nor authority for the notion that the items must have been introduced as evidence and failure to do so necessitated a new trial.

5. Ineffective assistance of counsel
¶ 23. In addition to counsel's appellate brief, McKee has submitted a pro se supplemental brief on the issue of ineffective assistance of counsel. Counsel makes the broad allegation of deficiencies in trial counsel's performance, particularly in light of the number of objections that should have been made but were not. McKee makes a number of specific claims of deficient performance which incorporate the broad error raised by counsel: failure to object to a defective indictment, failure to object to court's refusal of the circumstantial evidence instructions, failure to secure a jury instruction on the State's burden of proof, failure to object to introduction of prejudicial evidence of other crimes, and failure to seek suppression of evidence obtained in violation of the Fourth Amendment.
¶ 24. We review claims of ineffective assistance of counsel based upon a two-part inquiry: first, whether counsel's performance was deficient; and second, whether that deficiency caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Deficient performance is evaluated by whether counsel's advice falls outside objective parameters of professional reasonableness. Id. at 687-88, 104 S.Ct. 2052. Prejudice is measured by whether the result of the proceedings would have been different but for counsel's deficiency. Cole v. State, 666 So.2d 767, 775 (Miss.1995).

a. Defective indictment
¶ 25. McKee claims the indictment against him was defective for want of a *239 grand jury foreman signature. This is incorrect. The indictment is included in the record. It is a two-sided document and all necessary signatures appear on the back side of it. No further analysis of this claim is necessary.

b. Failure to object to denial of circumstantial evidence instructions
¶ 26. McKee next claims trial counsel should have objected to the trial court's denial of the proffered circumstantial evidence instructions. Such an objection is unnecessary. The practice of taking exception to the denial of a requested instruction has long been abandoned in this State. Jenkins v. State, 757 So.2d 1005, 1009 (¶ 19) (Miss.Ct.App.1999). The issue is preserved for appellate review merely by the tender of the instruction and request that it be given. Id. Trial counsel was not required to make any separate objection and cannot be found defective for failing to do that which was unnecessary.

c. Instruction on burden of proof
¶ 27. McKee's argument for this proposition is rather unclear and for that reason, we reproduce it here:
The law says that where the defendant is not in exclusive control of the truck when the drugs are found, the State has the burden of proving competent evidence which would connect the defendant to the cocaine.... Therefore, McKee argues that since he was not in exclusive dominion and control of the truck when the 2-10 grams of cocaine were found, Mississippi law placed a burden on the State to provide competent evidence which connects him with the cocaine.... But the record shows that the jury was not instructed on this particular burden of proof assigned to the State and ... the failure to instruct the jury that the State had this particular burden of proof in a constructive possession case ....had the effect of easing the State's burden of proof, thus denies due process.
¶ 28. McKee appears to be arguing a number of disconnected theories. He seems to argue that in a constructive possession case, the State's burden of proof is higher than in a case of direct evidence. He also seems to argue that it was conclusively established he lacked dominion and control of the truck he was driving at the time of his arrest and therefore the State failed to establish an essential element of the crime. He also appears to assume that "proving competent evidence" is something different, additional, to the burden the State already carries in criminal cases.
¶ 29. The burden of proof is always upon the State to prove each element of the crime charged beyond a reasonable doubt. That is so whether the crime of possession of cocaine is established through direct evidence or evidence of constructive possession. The jury was informed of the burden of proof by Instruction S-1, which stated the jury must believe McKee did willfully, unlawfully and feloniously have in his possession and under his conscious control a Schedule II narcotic, to wit cocaine of more than two grams but less than ten grams, beyond a reasonable doubt before it may convict. McKee also submitted Instruction D-8, which was given, reminding the jury of the presumption of innocence, the burden of proving guilt beyond a reasonable doubt rests upon the shoulders of the State, and that the defendant is not required to prove his innocence.
¶ 30. In instances where part of the crime is established through constructive means, the State has the additional *240 evidentiary burden of proving the defendant had dominion and control over the place where the contraband was found. This can probably best be defined as an element of the crime; there is no change or alteration in the State's burden of proof. The jury was also informed of this in Instruction S-3, which instructed that possession need not mean actual physical possession; constructive possession may be shown by establishing that the substance involved was subject to the defendant's dominion and control.
¶ 31. We cannot fathom what additional instructions McKee believes should have been offered. Taking the instructions given as a whole, the jury was correctly informed of the State's obligation to prove the elements of the crime beyond a reasonable doubt. That is sufficient. Heidel v. State, 587 So.2d 835, 842 (Miss.1991). Trial counsel cannot be found at fault for failing to do more.

d. Evidence of other crimes
¶ 32. McKee next argues he was prejudiced by the introduction of evidence regarding another, separate crime. Specifically, he alleges the testimony of Officer Arthur describing the discovery of the crack pipe and antenna in the backseat of his police vehicle after transporting McKee constitutes evidence of the separate crime of possession of paraphernalia which was prejudicial to his case and trial counsel was therefore deficient in failing to object or seek a cautionary instruction or mistrial once the testimony was admitted.
¶ 33. McKee correctly states the law regarding the standard of review for the admission or exclusion of evidence, that of abuse of discretion, and that an abuse of discretion may lead to reversible error. However, in determining whether trial counsel was ineffective, we review counsel's actions, not those of the trial court. Whether the trial court abused its discretion in admitting the testimony is a completely separate matter which should have been designated as a separate assignment of error but was not, as discussed above.
¶ 34. As to the trial counsel, we make no determination as to whether or not an objection to this testimony should have been made. Even were we to assume, however, that failure to object to the testimony was deficient, McKee's claim fails for lack of prejudice to him as a result of the deficient performance. As discussed at the beginning of this section, deficient performance alone is not sufficient to overturn a conviction. McKee must also show that, but for the deficiency, he would have been acquitted. That he cannot do. Had the testimony been excluded, never presented to the jury at all, the remaining evidence as reviewed in the facts of this case, is more than sufficient for the jury to have convicted McKee.

e. Failure to seek suppression of evidence
¶ 35. Finally, McKee argues trial counsel was deficient by failing to seek suppression of the cocaine found in the truck he was driving. As discussed at length above, there was no violation of any constitutional rights with respect to the search and seizure of evidence from the truck or from McKee's person. Counsel did not perform defectively by recognizing this and declining to make spurious objections or motions. We will not revisit this discussion here further.
¶ 36. THE JUDGMENT OF THE LEAKE COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. *241 COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.