LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. A jury in the Lowndes County Circuit Court found Major Lee Jr. guilty of possession of cocaine. The trial court sentenced Lee as a habitual offender to serve sixteen years in the custody of the Mississippi Department of Corrections. Lee was also ordered to pay a $100,000 fine. Lee filed post-trial motions, which were denied.
¶ 2. Lee now appeals, asserting the following issues: (1) the trial court erred in denying his motion to suppress; (2) the jury verdict is against the overwhelming weight of the evidence; (3) the trial court erred in denying his motion for a new trial; and (4) cumulative error requires reversal. Finding no error, we affirm.
*984 FACTS
¶ 8. On December 27, 2005, at approximately 6:45 p.m., Chad Bell, a deputy with the Lowndes County Sheriffs Department, observed a vehicle accelerating onto Lehmberg Road in Lowndes County, Mississippi, at a high rate of speed. Deputy Bell followed the vehicle and noticed the vehicle did not have a working light illuminating the license tag. Deputy Bell determined the vehicle was driving fifty-two miles per hour in a forty mile-per-hour zone. Deputy Bell then pulled the vehicle over into a church parking lot.
¶ 4. At the suppression hearing, Deputy Bell testified he approached the vehicle and recognized the driver as Lee. Deputy Bell noticed Lee was unusually nervous because his hands were shaking, and a vein in his neck was bulging. Deputy Bell then asked Lee to exit the vehicle. Deputy Bell questioned Lee as to whether Lee possessed any guns, knives, marijuana, cocaine, methamphetamine, heroin, or ecstasy. Lee responded in the negative. Deputy Bell then asked Lee if he could search Lee’s vehicle. According to Deputy Bell, Lee consented to the search. Prior to searching the vehicle, Deputy Bell again told Lee he was not obligated to consent to the search. Lee again consented to the search.
¶ 5. Prior to the questions and the search, Deputy Sheriff Darrell Nabors had arrived on the scene. Deputy Nabors had seen Lee’s vehicle driving down Lehmberg Road. Deputy Nabors testified at the suppression hearing that he noticed Lee’s license tag light was not functioning and that the vehicle appeared to be speeding. Deputy Nabors saw Deputy Bell following Lee’s vehicle, and followed suit. Upon arriving at the scene, Deputy Nabors testified he heard Deputy Bell ask Lee whether he had any drugs or weapons and whether Deputy Bell could search Lee’s vehicle. Deputy Nabors heard Lee consent to the search two times. Deputy Nabors stood with Lee as Deputy Bell searched the vehicle. Deputy Nabors stated Lee was acting nervous and kept attempting to put his hands in his pockets.
¶ 6. Upon searching the car, Deputy Bell found a clear film cannister containing marijuana. Lee was then placed under arrest, and a search incident to arrest of Lee’s person was conducted by both Deputy Bell and Deputy Nabors. Deputy Na-bors found a magnetic key holder in the left front pocket of Lee’s pants. Deputy Nabors stated the key holder contained a white powder substance, which he thought was cocaine. The crime lab identified the substance as .42 gram of cocaine.
¶ 7. After a hearing, the trial court denied Lee’s motion to suppress, finding that Deputy Bell had sufficient probable cause to stop Lee and that Lee had consented to a search of his vehicle.
DISCUSSION
I. MOTION TO SUPPRESS
¶ 8. In his first issue on appeal, Lee contends the traffic stop was illegal; thus, any evidence seized as a result should have been suppressed. When reviewing a trial court’s denial of a motion to suppress, an appellate court employs a “mixed standard of review.” Dies v. State, 926 So.2d 910, 917 (¶ 20) (Miss.2006). “Determinations of reasonable suspicion and probable cause should be reviewed de novo.” Id. A trial court’s decision to admit or exclude evidence is reviewed under the abuse-of-discretion standard. Baker v. State, 991 So.2d 185, 187 (¶ 6) (Miss.Ct.App.2008).
 ¶ 9. The action of an officer stopping a vehicle is reasonable when there is “probable cause to believe that a traffic violation has occurred.” Whren v. United *985 States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Deputy Bell witnessed Lee driving fast, paced Lee’s vehicle at twelve miles over the posted speed limit, and noticed that Lee’s license tag light was out. Mississippi law provides that vehicles must adhere to set speed limits and that license tags must be visible at night at a distance of sixty feet. See Miss.Code Ann. § 63-3-501 (Supp.2011); Miss.Code Arm. § 27-19-31 (Supp.2011). Under the circumstances, Deputy Bell had probable cause to detain Lee.
¶ 10. Noticing Lee appeared unusually nervous; his hands were shaking; and a vein in his neck was bulging, Deputy Bell asked Lee to step out of the vehicle. Deputy Bell also recognized Lee from a prior arrest. Deputy Bell then received Lee’s consent to search the vehicle. Lee denies ever consenting to the search of his vehicle. In determining whether a consent to search was voluntarily given and not the result of coercion, we look to the totality of the circumstances. Jackson v. State, 418 So.2d 827, 830 (Miss.1982). Furthermore, consenting to a search is an exception to the requirement that searches are to be conducted pursuant to a valid warrant or probable cause. Id. Both Deputy Bell and Deputy Nabors testified Lee twice consented to the search of his vehicle, even after Deputy Bell told Lee he could refuse. Under the totality of the circumstances, we find Lee’s consent was not obtained by coercion.
¶ 11. After finding the marijuana in Lee’s vehicle, Deputy Bell placed Lee under arrest. At that point, Deputy Na-bors began to search Lee’s pockets for contraband and found what he thought was cocaine. Since Deputy Bell had probable cause to arrest Lee for possession of marijuana, Deputy Bell was legally allowed to perform a search incident to that arrest. Williams v. State, 763 So.2d 202, 204 (¶ 8) (Miss.Ct.App.2000). “It is of no moment that the evidence obtained as a result of the search incident to [defendant’s] arrest for [a particular crime] is not related to that charge, but created probable cause for a subsequent arrest on a wholly different charge.” Rankin v. State, 636 So.2d 652, 657 (Miss.1994). We find no error in the trial court’s decision to deny Lee’s motion to suppress. This issue is without merit.
II. OVERWHELMING WEIGHT OF THE EVIDENCE
¶ 12. In his next issue on appeal, Lee contends the verdict is against the overwhelming weight of the evidence. ‘When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.” Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005). Furthermore, it is well-settled law that the jury determines the credibility of the witnesses and resolves any conflicts in the evidence. Davis v. State, 866 So.2d 1107, 1112 (¶ 17) (Miss.Ct.App.2003).
¶ 13. Lee’s sole argument is the State failed to prove he was in actual or constructive possession of the cocaine. However, Deputy Nabors testified at trial that he pulled the magnetic key holder from the front left pocket of Lee’s pants, opened it, and observed what he thought was cocaine. The substance was tested and determined to be .42 gram of cocaine. In his brief, Lee concedes he was in possession of cocaine. The State clearly proved Lee was in actual possession of cocaine. We cannot find that allowing the guilty verdict to stand would sanction an unconscionable injustice. This issue is without merit.
*986 III. MOTION FOR A NEW TRIAL
¶ 14. Although a motion for a new trial concerns the weight of the evidence, Lee’s argument clearly concerns the legal sufficiency of the evidence. We will address the issue of legal sufficiency. “[T]he critical inquiry is whether the evidence shows ‘beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed[.]’ ” Bush, 895 So.2d at 848 (¶ 16) (citation omitted). If, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found, beyond a reasonable doubt, that the essential elements of the crime existed, this Court will affirm the conviction. Id. We reiterate that the jury determines the credibility of witnesses and resolves any conflicts in the evidence. Davis, 866 So.2d at 1112 (¶ 17).
¶ 15. Lee’s chief argument is that Deputy Nabors was not a credible witness. Lee contends Deputy Nabors’s testimony during the trial was fabricated simply to convict Lee. Lee further claims Deputy Nabors did not arrive at the scene until Lee had already been arrested. However, according to the testimony of both Deputy Nabors and Deputy Bell, Deputy Nabors arrived at the scene in time to hear Lee consent to Deputy Bell’s request to search his vehicle. Deputy Nabors conducted the search incident to arrest of Lee’s person where the cocaine was found. We find there was sufficient evidence to find Lee guilty of possession of cocaine. This issue is without merit.
IV. CUMULATIVE ERROR
¶ 16. In his fourth issue on appeal, Lee argues the cumulative errors require reversal. Finding Lee’s arguments are without merit, we find no cumulative error that would necessitate a reversal. Therefore, we affirm.
¶ 17. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE AS A HABITUAL OFFENDER OF SIXTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND TO PAY A $100,000 FINE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.