# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-01428-COA

CLARENCE WYDELL HYNES A/K/A
CLARENCE HYNES

APPELLANT

v.

STATE OF MISSISSIPPI

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/09/2012 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS JR. |
| ATTORNEY FOR APPELLEE: | LISA L. BLOUNT |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF AT LEAST .1 GRAM BUT LEST THAN 2 GRAMS OF METHAMPHETAMINE, AS A SUBSEQUENT DRUG OFFENDER, AND SENTENCED TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 12/02/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**JAMES, J., FOR THE COURT:**

¶1.     After a jury trial, Clarence Wydell Hynes was convicted of possession of at least .1 gram but less than 2 grams of methamphetamine. Because of a prior conviction of possession of methamphetamine, Hynes was sentenced as a second offender to ten years in the custody of the Mississippi Department of Corrections. Hynes filed a motion for a new

trial, and the trial court denied the motion. Hynes raises the following issues: (1) whether the trial court erred in admitting into evidence the search of Hynes's person, and (2) whether the trial court erred in admitting Hynes's confession into evidence. Finding no error, we affirm.

**FACTS**

¶2. On November 10, 2011, Hynes was with his friend, Ryan Jackson, at the intersection of VFW Road and a dirt road. Deputy Sheriff Joey Rigby and Jeff Pitts, an agent with the narcotics task force with the Scott County Sheriff's Department, were driving in separate vehicles down VFW Road when they saw Jackson and Hynes. Deputy Rigby testified that he saw Hynes and Jackson duck behind a car. Deputy Rigby turned around and observed a red Ford traveling at a high rate of speed. Agent Pitts stopped his vehicle at the dirt road and stayed with Jackson. Deputy Rigby stopped Hynes's car and was told by Hynes that his license was suspended. Deputy Rigby conducted a pat down of Hynes and felt a lump in Hynes's pocket. Deputy Rigby reached inside the pocket and pulled out a pill bottle, which contained what he suspected to be a controlled substance. Hynes was then handcuffed and Deputy Rigby continued to pat Hynes down. After testing, it was determined that the substance found in Hynes's pocket was methamphetamine.

¶3. Hynes told Deputy Rigby that he had a problem with drugs and bought the drugs from someone named "Brusha." Deputy Rigby testified that Hynes volunteered information about where he bought the drugs. Further, Deputy Rigby did not question Hynes. Leonard Harrison, a narcotics investigator with the sheriff's department, testified that Hynes was read his rights and that Hynes appeared to have understood those rights. Investigator Harrison

2

also testified that while Hynes was in custody, he never asked for an attorney and gave a written, signed statement.

¶4. The suppression hearing was held immediately prior to trial. Hynes argued that Deputy Rigby should have obtained a search warrant before searching his person. As a result, the search that produced the contraband was illegal and the evidence should not be admitted. The trial court overruled Hynes's objection and the evidence was admitted.

¶5. At trial, Jackson testified that when Hynes saw the police, he got into his car and left, but was not speeding. Jackson also testified that he did not see Hynes smoke methamphetamine. Hynes declined to testify in his defense. At the close of all the evidence, Hynes made a motion to dismiss and renewed his motion to suppress the evidence from the pill bottle, which the trial court denied.

¶6. Hynes filed a motion for a new trial, and the trial court denied the motion. Hynes appeals.

## STANDARD OF REVIEW

¶7. The Mississippi Supreme Court has held that "[a]dmission or exclusion of evidence will be [re]viewed on an abuse of discretion standard." *Hargett v. State,* 62 So. 3d 950, 952 (¶7) (Miss. 2011). Further, "[a] trial judge enjoys a great deal of discretion as to the relevancy and admissibility of evidence. Unless the judge abuses this discretion so as to be prejudicial to the accused, the Court will not reverse this ruling." *Id.* at 952-53 (¶7).

¶8. The denial of a motion for a new trial will be reversed only when a verdict is so "contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." *Pritchett v. State,* 134 So. 3d 857, 859 (¶5) (Miss. Ct. App.

3

2014). Also, the evidence is viewed in light most favorable to the verdict. *Id.*

## DISCUSSION

### I. Whether the trial court erred in admitting into evidence the search of Hynes's person.

¶9. Hynes argues that the State incorrectly applied the "plain feel" doctrine, and that it was not possible to determine from the pat-down that Hynes's pocket contained any contraband. Hynes also relies on *Anderson v. State,* 16 So. 3d 756 (Miss. Ct. App. 2009), to support his argument. In *Anderson,* Deputy Truett conducted a pat down search for weapons on Anderson. *Id.* at 758 (¶4). Deputy Truett felt a pill bottle in Anderson's pocket, and he removed the pill bottle, opened the container, and discovered the methamphetamine. *Id.* Anderson was arrested and charged with possession of methamphetamine. *Id.* This Court held that there was no probable cause to suspect that the pill bottle contained a controlled substance. *Id.* at 762 (¶15). The Court also stated "a pill bottle, in and of itself, is not contraband. It is not illegal to have a pill bottle, and there was no evidence presented that pill bottles typically contain contraband." *Id.* at (¶16).

¶10. An individual has the right to be free from unreasonable searches and seizures. *Eaddy v. State,* 63 So. 3d 1209, 1213 (¶12) (Miss. 2011). This right is granted by the Fourth Amendment of the United States Constitution and Article 3, Section 23 of the Mississippi Constitution. *Id.* In order to determine the reasonableness of a search and seizure, the Court employs a two-prong test: "(1) whether the officer's action was justified at its inception, and (2) whether it was reasonably related in scope to the circumstances which justified the interference in the first place." *Id.* Both the State and Federal Constitutions forbid

4

warrantless searches unless an exception is applicable. *Id.* "Unless the State proves that a warrantless search comes within an exception, all evidence seized from the search is inadmissible. *Id.*

¶11. During the suppression hearing, Deputy Rigby testified that he stopped Hynes because he was speeding. "Police officers may detain a person for a brief investigatory stop consistent with the Fourth Amendment when officers have reasonable suspicion[,] grounded in specific and articulable facts[,] that allows the officers to conclude the suspect is wanted in connection with criminal behavior." *Lawrence v. State,* 124 So. 3d 91, 95 (¶11) (Miss. Ct. App. 2013).

¶12. Under *Whren v. United States,* 517 U.S. 806 (1996), the United States Supreme Court held that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Id.* at 813. In other words, the reasoning behind the original traffic stop does not matter as long as the officer objectively believed that a traffic violation occurred. Here, Deputy Rigby thought that Hynes was speeding; therefore, he had probable cause to initiate a traffic stop.

¶13. Although individuals are protected from warrantless searches and seizures by the Fourth Amendment, there are several exceptions to the warrant requirement; "including a consensual search, a search incident to arrest, an inventory search, a search under exigent circumstances if probable cause exists, and a search of a vehicle when making a lawful contemporaneous arrest." *Bradley v. State,* 934 So. 2d 1018, 1022 (¶7) (Miss. Ct. App. 2005). Further, "[t]he State bears the burden to show that a warrantless search comes within an exception for evidence seized thereupon to be admissible." *Galloway v. State,* 122 So.

5

3d 614, 669 (¶182) (Miss. 2013).

¶14. Once stopped, Hynes told Deputy Rigby that he had a suspended license. It was then Deputy Rigby decided to arrest him and conducted a search incident to his arrest. We have previously stated that "it is well settled than an officer has the right to conduct a search of a defendant's person incident to a lawful arrest." *McKee v. State,* 878 So. 2d 232, 236 (¶13) (Miss. Ct. App. 2004). Also, "evidence obtained as a result of the search incident to [the] defendant's arrest for a particular crime is not related to that charge, but created probable cause for a subsequent arrest on a wholly different charge." *Lee v. State,* 100 So. 3d 982, 985 (¶11) (Miss. Ct. App. 2012). Deputy Rigby had probable cause to arrest Hynes once he confessed to having a suspended license.

¶15. In *Anderson,* the defendant was not under arrest when the officer conducted his pat down. Further, the pat down was to check for weapons, and Anderson was arrested only when the officer found contraband on his person. Here, Deputy Rigby formed the intention to arrest Hynes when he learned that Hynes had a suspended license. The circumstances of Anderson's and Hynes's arrests are different, and therefore, *Anderson* does not apply. Therefore, this issue is without merit.

## II. Whether the trial court erred in admitting Hynes's confession into evidence.

¶16. Hynes argues that his arrest was illegal, and it led to his confession. The only authority Hynes cites for this assignment of error is *Coleman v. State,* 592 So. 2d 517 (Miss. 1991). There, the supreme court stated, however: "This Court is not unmindful that a confession given while in custody following an illegal arrest is not per se inadmissible." *Id.*

6

at 521. "*Brown v. Illinois,* 422 U.S. 590 (1975), and its progeny require further inquiry to determine whether the confession is voluntary, and if so, whether there are any significant intervening events which remove from the confession the primary taint of the illegal arrest." *Coleman,* 592 So. 2d at 521 (citations omitted).

¶17.    During the suppression hearing, there was testimony that Hynes had been read his *Miranda* rights and that he understood those rights.  Also, the waiver-of-rights form was entered into evidence.  Also, Hynes did not ask for an attorney before giving his statement to the police.  The State bears the burden of proving that the confession is voluntarily given. *Johnson v. State,* 129 So. 3d 148, 151 (¶12) (Miss. 2013).  Further, the "burden is met and a prima facie case is made by testimony of an officer, or other persons having knowledge of the facts, that the confession was voluntarily made without threats, coercion, or offer of reward." *Id.*

¶18.    Here, there is substantial evidence that support the trial court's admission of Hynes's confession.  Several officers were present when he signed his confession, and the officers also testified that Hynes was aware of his rights and seemed to understand them.  Also, Hynes never asked to speak to an attorney or at any time exercised his right to remain silent. Therefore, this issue is without merit.

**CONCLUSION**

¶19.    The trial court did not abuse its discretion in admitting the evidence of Hynes's confession and the methamphetamine found on Hynes's person.  First, Deputy Rigby performed a valid traffic stop because Hynes was traveling at a high rate of speed.  Second, Deputy Rigby conducted a search incident to the arrest once he learned of Hynes's suspended

7

license.  Also, the trial court did not err when it admitted Hynes's confession into evidence.

As previously discussed, there was testimony from several officers stating that Hynes gave

his statement voluntarily and was not coerced in any way.  Accordingly, we affirm the

decision of the trial court.

¶20.  **THE JUDGMENT OF THE SCOTT COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN .1 GRAM BUT LESS THAN 2 GRAMS OF METHAMPHETAMINE, AS A SUBSEQUENT DRUG OFFENDER, AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.**