CARLTON, J.,
DISSENTING:
¶ 32. I respectfully dissent from the majority’s opinion. I find that May consented *1085 to remove his shoe and, in so doing, voluntarily revealed to Officer DeGeorge the cigarette lighter concealed inside the shoe. As a result, I find that Officer DeGeorge’s search of May’s cigarette lighter and seizure of the cocaine inside the lighter failed to violate May’s Fourth Amendment rights. For these reasons, I would affirm the circuit court’s denial of May’s motion to suppress and would affirm May’s conviction,
¶ 33. After arresting the vehicle’s driver and discovering that May’s driver’s license was suspended, Officer DeGeorge concluded that the vehicle would have to be towed. Officer DeGeorge therefore asked May to exit the vehicle and sit on the ground so officers could inventory the vehicle’s contents before the vehicle was towed. Officer DeGeorge testified that May was not yet in custody when he asked May to exit the vehicle and sit on the ground. However, Officer DeGeorge further stated that it was not safe for the officers to inventory the vehicle while someone was still inside the car.
¶ 34. Although May was not yet in custody, Officer DeGeorge noticed that May acted extremely nervous and fidgety. According to Officer DeGeorge’s testimony, May kept grabbing and holding onto his right shoe as though he were trying to hide something. Whenever anyone spoke to May or looked in his direction, Officer DeGeorge observed that May would grab and hold onto his right shoe. Due to May’s behavior, Officer DeGeorge asked whether May had anything illegal in his possession. After May answered that he did not, Officer DeGeorge asked May whether he would mind taking off his shoes. Officer DeGeorge testified that May consented to the request.
¶ 35. As May voluntarily took off his shoe, a Zippo cigarette lighter fell to the ground. Officer DeGeorge testified that the center part of Zippo cigarette lighters come out so that a person can refill the lighter. When Officer DeGeorge pulled out the center part of May’s cigarette lighter, he found two small plastic bags containing marijuana and crack cocaine. After discovering the narcotics, Officer DeGeorge arrested May and searched May’s person. Upon arriving at the police station, May waived his constitutional rights and gave a statement. During his statement, May admitted that the cocaine and marijuana belonged to him. Testing later revealed that May’s cigarette lighter had contained 0.3 grams of cocaine,
¶ 36. May was subsequently indicted and charged with “knowingly, willfully, unlawfully!;,] and feloniously possessing] 0.1 grams or more but less than 2.0 grams of cocaine, a Schedule II Controlled Substance[.]” See Miss. Code Ann. § 41-29-139(c)(1) (Rev. 2013). The indictment further charged that May was a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2015) and had been previously convicted of the following felonies: (1) burglary in cause number B2402-2007-00714, with a sentence of five years in the custody of the Mississippi Department of Corrections (MDOC); (2) unlawful possession of a firearm or a weapon by a convicted felon in cause number B2402-2003-622, with a sentence of three years in MDOC’s custody; and (3) attempted robbery, a crime of violence, in cause number 91-7245, with a sentence of fifteen years in MDOC’s custody.
¶37. Prior to his trial, May moved to suppress the evidence of the cocaine found in his lighter during the traffic stop. However, the circuit court denied May’s pretrial motion and allowed the State to introduce the evidence during the trial. After considering the evidence and testimony presented at trial, the jury found May guilty of possession of a controlled sub *1086 stance. The circuit court sentenced May, as a habitual offender, to life in MDOC’s custody without the possibility of parole or probation. May filed an unsuccessful motion for a new trial or, in the alternative, a judgment notwithstanding the verdict. Aggrieved by his conviction and sentence, May now appeals to this Court.
¶ 38. On appeal, May asserts no dispute that probable cause existed for Officer De-George’s initial traffic stop. Nor does May challenge Officer DeGeorge’s right to conduct a pat down of May for the safety of Officer DeGeorge and the other police officers. Instead, May asserts that Officer De-George’s search of his cigarette lighter and seizure of the cocaine inside the lighter violated the Fourth Amendment. As a result, May argues the circuit court erred by denying his pretrial motion to suppress the evidence of the cocaine found in his lighter.
¶ 39. According to May’s argument, Officer DeGeorge’s search was unreasonable, lacked probable cause, and occurred without valid consent. Specifically, May argues Officer DeGeorge’s search was not reasonably related to the scope of the initial traffic stop and was not justified by probable cause developed during the traffic stop. Furthermore, May contends Officer De-George lacked valid consent to search the lighter. May therefore asks this Court to either reverse and render his conviction or to remand the case for a new trial.
¶ 40. With regard to the applicable standard of review, the Mississippi Supreme Court has previously stated:
When reviewing a trial court’s denial of a motion to suppress, [the appellate court] adopts a mixed standard of review. Determinations of reasonable suspicion and probable cause- are reviewed de novo. However, [the appellate court] should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers. Thus, [the appellate court] is restricted to a de novo review of the trial judge’s findings using the applicable substantial evidence/clearly erroneous standard. Finally, [the appellate court] reviews the admission or exclusion of evidence for abuse of discretion.
Gillett v. State, 56 So.3d 469, 482 (¶ 21) (Miss. 2010) (internal citations and quotation marks omitted).
¶ 41. I also acknowledge that this case addresses the discovery of incriminating evidence found upon May’s voluntary removal of his shoe and the revelation to Officer DeGeorge of the lighter concealed within the shoe. As our caselaw establishes, the voluntariness of one’s consent to a search is a question of fact to be determined from the surrounding circumstances. See Gilbreath v. State, 783 So.2d 720, 723 (¶ 6) (Miss. Ct. App. 2000).
¶ 42. “The Fourth Amendment to the United States Constitution and Article 3 Section 23 of the Mississippi Constitution provide that an individual has the right to be free from unreasonable searches and seizures.” Shelton v. State, 45 So.3d 1203, 1208 (¶ 10) (Miss. Ct. App. 2010) (citing Dies v. State, 926 So.2d 910, 917-18 (¶ 21) (Miss. 2006)). “The action of an officer stopping a vehicle is reasonable when there is ‘probable cause to believe that a traffic violation has occurred.’” Lee v. State, 100 So.3d 982, 984-85 (¶ 9) (Miss. Ct. App. 2012) (quoting Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)). However, consent to a search provides an exception to the requirement of a valid warrant or probable cause. Id. at 985 (¶ 10).
¶43. Although May raises no dispute that probable cause existed for Officer De-George’s initial traffic stop, I briefly ad *1087 dress the issue. The record reflects that Officer DeGeorge stopped the vehicle for careless driving after he observed the vehicle swerve on the interstate and cross the fog line toward the median. As this Court has previously recognized, the “failure to have regard for the width and use of the street by swerving off the side of the road or crossing the marker lines constitutes probable cause for a traffic stop.” Henderson v. State, 878 So.2d 246, 247 (¶ 8) (Miss. Ct. App. 2004). Thus, under the circumstances presented, probable cause existed for Officer DeGeorge to execute a traffic stop and detain the vehicle.
¶ 44. “To stop and temporarily detain is not an arrest, and the cases hold that[,] given reasonable circumstances[,] an officer may stop and detain a person to resolve an ambiguous situation without having sufficient knowledge to justify an arrest.” Gonzales v. State, 963 So.2d 1138, 1141 (¶ 13) (Miss. 2007) (citation omitted). In addition, the United States Supreme Court has “noted that it is imperative that the facts be judged against an objective standard: Would the facts available to the officer at the moment of the seizure or the search warrant a man of reasonable caution in the belief that the action taken was appropriate?” Id. at 1141-42 (¶ 13) (citations and internal quotation marks omitted). During a proper investigative stop, if a police officer “develops reasonable, articulable suspicion of some criminal activity in addition to ... that initially suspected, the permissible scope of the stop expands to include the officer’s investigation of the newly suspected criminal activity.” Tate v. State, 946 So.2d 376, 382 (¶ 18) (Miss. Ct. App. 2006) (citing United States v. Kye Soo Lee, 898 F.2d 1034, 1040 (5th Cir. 1990)).
¶ 45. In the present case, Officer De-George was able to reasonably articulate the behavior that led him to suspect “some criminal activity in addition to ... that initially suspeeted[.]” Id. Officer DeGeorge testified that he noticed May acting extremely nervous and fidgety as he sat on the ground. Specifically, Officer DeGeorge observed that May appeared preoccupied with his right shoe and constantly grabbed the shoe whenever anyone spoke to him or looked at him. Based on his experience and training as a police officer, Officer De-George testified that May’s behavior indicated that May was attempting to hide something in his shoe. According to Officer DeGeorge’s testimony, May voluntarily consented to remove his shoes. On appeal, the State argues this indicates May also consented to the search of the cigarette lighter that fell out of his shoe.
¶ 46. In addition to arguing that he never consented to the search of the lighter, May contends that Officer DeGeorge’s search of the lighter was an illegal attempt to find evidence without probable cause. May asserts that, at the time the cigarette lighter fell to the ground, Officer De-George had completed his “safety search” of May. Therefore, because the lighter was a closed container and was neither a weapon nor contraband, May argues that the ensuing search of his lighter was unreasonable and lacked probable cause.
¶ 47. In addressing May’s assignment of error, I again emphasize that “consenting to a search is an exception to the requirement that searches are to be conducted pursuant to a valid warrant or probable cause.” Lee, 100 So.3d at 985 (¶ 10) (citing Jackson v. State, 418 So.2d 827, 830 (Miss. 1982)). I also recognize that, “[wjhether a person voluntarily consents to a search is a question of fact to be determined by the total circumstances.” Moore v. State, 933 So.2d 910, 916 (¶ 20) (Miss. 2006) (citation and internal quotation marks omitted). In Gales v. State, 153 So.3d 632, 639 (¶ 17) (Miss. 2014), our supreme court recognized *1088 that a defendant lacked a reasonable expectation of privacy with regard to incriminating evidence contained in his pocket when he voluntarily took the item out of his pocket .and showed it to law-enforcement officers. With respect to the present' case, I find the supreme .court’s holding in Gales controlling.
¶ 48. In Gales, a police officer was in pursuit of an armed-robbery suspect when he encountered the defendant. Id, at 640-41 (¶ 19). The officer had reason to suspect that Gales possessed a' weapon, and he therefore conducted a search of Gales’s person. Id. at 641 (¶ 19). Even though the officer felt no weapon, he did feel an unknown bulge in Gales’s back pocket. Id. Although concerned for his safety, the officer did not search Gales’s. pockets. Id. Instead, the officer testified that he asked Gales wha,t was in his pocket. Id. The officer further testified that Gales voluntarily emptied his pockets, shoving the officer the money in his pocket and claiming that he had won the money while gambling. Id.
¶ 49. Prior to his trial for armed robbery and conspiracy to commit armed robbery, Gales argued the officer’s search was unreasonable, and he unsuccessfully tried to suppress all evidence seized as a result of the search. Id. at 637 (¶ 10). In upholding the trial court’s finding that the officer performed, a constitutional search, the supreme court stated, “Because Gales voluntarily showed [the officer] the money, Gales no longer had a ‘reasonable expectation of privacy’ as to the money under the Fourth Amendment.” Id. at 639 (¶ 17) (quoting Katz v. United States, 389 U.S. 347, 359, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967) (Harlan, J. concurring)).
¶ 50. In the present case, May consented to the removal of his shoe, - which led him to voluntarily reveal to Officer DeGeorge the cigarette lighter concealed within the shoe. The record reflects substantial evidence to support the circuit court’s factual finding that May consented to Officer De-George’s search,- The record also reflects that May’s behavior created probable cause for the search, thereby rendering consent unnecessary. Like -the defendant in Gales, May lacked any reasonable expectation of privacy as to the incriminating evidence that he voluntarily revealed by removing his shoe. See id, As a result, I find no merit to May’s claims that Officer DeGeorge’s search of his cigarette lighter and seizure of the cocaine inside the lighter violated the Fourth- Amendment. I therefore would find no abuse of discretion in the circuit court’s denial of May’s motion to suppress. See Gillett, 56 So.3d at 482 (¶ 21). Accordingly, I respectfully dissent from the majority’s opinion and would affirm the circuit court’s judgment of conviction against May.